Argued and submitted October 28, 1987, reversed and remanded August 17, 1988

## SPURGEON,
*Appellant,*

*v.*

## STAYTON CANNING COMPANY COOPERATIVE, INC.,
*Respondent.*

(153,182; CA A42329)

759 P2d 1104

Barbara J. Diamond, Portland, argued the cause for appellant. With her on the briefs were Henry H. Drummonds, Paul B. Gamson and Kulongoski, Durham, Drummonds & Colombo, Portland.

David H. Wilson, Jr., Portland, argued the cause for respondent. With him on the brief was Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment for defendant, her former employer, granted on the parties' cross motions for summary judgment. Plaintiff sued for reinstatement and damages, claiming that defendant had unlawfully refused to reinstate her after she had recovered from a compensable injury, ORS 659.415, and had discriminated against her because she had filed a workers' compensation claim. ORS 659.410. She assigns as errors that the court held that she was not entitled to reinstatement and that defendant did not discriminate against her and that it granted defendant's motion for summary judgment and denied her motion for summary judgment. She challenges the court's findings:

"[T]he discharge of plaintiff was due to her disobedience of a call-in rule, and there is no evidence that there was any illegal motive in so discharging her. There is no connection between her discharge, and the fact that she filed a worker's compensation claim.

"There was no discrimination under the statute.

"[T]he reinstatement statute is not operative to benefit plaintiff, inasmuch as she was discharged for reasons not connected with her injury or with her medical claim."

We reverse.

There is no dispute but that plaintiff sustained a compensable injury and received workers' compensation benefits during a three-month period of disability. Defendant's employment rules required an employe to call in every week if she were absent due to an injury or other medical reason. The rules specified that, if an employe did not call in for a period of 10 days, she would be deemed to have abandoned her right to return to work.[1] Although plaintiff called in frequently before her doctor released her to return to work, she failed on one occasion to call in for more than 10 days and was discharged. Subsequently, her doctor released her for work, and she asked defendant for reinstatement. Defendant refused, because she had been discharged.

---

[1] Employer's rule states:

"Call the Personnel Office *once every week* to report your status. Call at the times established by your plant. If a period of ten (10) days elapses without you having contacted the designated company representative, then you will be considered to have abandoned your right to be returned to work." (Emphasis in original.)

■ Plaintiff argues that she, not defendant, is entitled to summary judgment because, as a matter of law, defendant could not discharge her for her failure to comply with the call-in requirement *before* her doctor had released her to return to work. First, she asserts that, as a matter of law, call-in rules for "pre-release" injured workers violate ORS 659.410 and ORS 659.415. She relies on OAR 839-06-130(2), which states:

> "At the time of the injured worker's demand for reinstatement/reemployment, the injured worker's former job or a suitable alternative may not be available. When this occurs, the injured worker must follow the employer's non-discriminatory and written reporting policy which has been effectively made known to the employer's workforce and is practiced by the employer, until the employer offers the injured worker his/her former job or a suitable alternative. If the employer has no such reporting policy, the injured worker must inform the employer of any change in his/her address and telephone number within ten days of the change."

She argues that, because the rule requires an employe to follow either the employer's reporting policy or one prescribed by the rule *after* having made demand for reinstatement, it prohibits an employer from requiring the worker to call in *before* being released to return to work. We disagree. The rule does not state that an employer cannot require injured workers to follow a call-in policy before being released for work.

■ Moreover, OAR 839-06-150(2) specifies that an injured worker can lose reinstatement rights under ORS 659.415 if:

> "(a)   The employer discharges the worker for reasons not connected with the injury and for which others are or would be discharged, except as provided in subsections (3)(a) and (b) of this rule;
>
> "* * * * *
>
> "(d)   The worker fails:
>
> "* * * * *
>
> "(B)   To follow the employer's reporting policy or, in the absence of such policy, these rules reporting policy [sic]."

Both OAR 839-06-130(2) and OAR 839-06-150(2) recognize an employer's right to establish a reporting policy for its employes, but the policy may not discriminate against injured workers. ORS 659.410. If the employer does not have an

applicable policy, OAR 839-06-130(2) simply sets minimum standards that the worker must meet.

██      Alternatively, plaintiff argues that, if defendant can enact a pre-release call-in policy, its policy is illegal as a matter of law, because it is "unreasonable" and was not "tailored to impinge as little as possible on an employe's statutory right to reinstatement." She contends that an unreasonable rule contravenes legislative policy to return injured workers to the job. Neither ORS 659.410, ORS 659.415 nor any Oregon case requires that an employer's personnel policies meet a "reasonableness" test. Rather, ORS 659.410 prohibits discriminatory treatment of injured workers.[2] Likewise, an employer's obligation to reinstate an injured worker does not depend on "reasonableness." If the worker recovers and demands reinstatement, the employer's obligation continues until the employe is reinstated or the right is otherwise extinguished. In a case where the worker has previously been terminated for failure to follow the employer's non-discriminatory call-in requirement, the worker is not entitled to reinstatement under ORS 659.415.[3] OAR 839-06-150(2); *see also Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 611 P2d 281 (1980).

██ ██      Plaintiff also argues that she is entitled to summary judgment, because, as a matter of law, defendant's rule has an adverse impact on persons who have sustained on the job injuries. A plaintiff may make a *prima facie* showing of discrimination by establishing that, regardless of the employer's motive or intent, an employer's facially neutral employment rule has the effect of screening out members of a protected

---

[2] ORS 659.410 provides:

"It is an unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS 656.001 to 656.794 and 656.802 to 656.807, or of 659.400 to 659.435 or has given testimony under the provisions of such sections."

[3] ORS 659.415 provides:

"(1) A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, provided that the position is available and the worker is not disabled from performing the duties of such position. If the former position is not available, the worker shall be reinstated in any other position which is available and suitable. A certificate by a duly licensed physician that the physician approves the worker's return to the worker's regular employment shall be *prima facie* evidence that the worker is able to perform such duties."

class at a significantly higher rate than others. *See* OAR 839-05-020. Plaintiff, however, has made no such showing here. She argues that defendant's call-in policy had an adverse impact on workers who had sustained compensable injuries, because 50 were discharged during 1983-84 for violation of the call-in rule, as compared to 15 employes on medical leave terminated during the same period for the same violation. By themselves, those facts do not show whether defendant terminated injured workers in a different proportion than others. Accordingly, the court did not err when it denied summary judgment to plaintiff.

■        Plaintiff argues that, even if she is not entitled to summary judgment, defendant is not either, because there is a genuine issue of material fact whether she was disabled from calling in when required because of pain and depression that her medication caused. It is not disputed that she did not tell defendant, either at the time when it discharged her, when she was fully recovered and asked to be reinstated or at any intervening time, that she had been disabled from calling in. Nothing on the record shows that defendant had reason to know that plaintiff could not call in.[4] On this record, therefore, it is not material to the propriety of defendant's decision not to reinstate plaintiff whether she was disabled from calling in.

■        Plaintiff also asserts that the court erred in granting defendant summary judgment, because there is a genuine issue of whether defendant's motive in discharging her was that she sustained a compensable injury. Defendant's motive in terminating plaintiff is material to her claim under ORS 659.410. *See Palmer v. Central Oregon Irrigation Dist.,* 91 Or App 132, 137, 754 P2d 601 (1988). She testified by deposition that a supervisor told her that

"the [call-in] policy was set up to terminate people, that 90 percent that were on disability—10 percent were reviewed, and the others were to be terminated."

She also testified that a clerical employe of defendant who had access to employe claims told her that "the policy was set up to

---

[4] Plaintiff does not assert that she told defendant that she did not call in because she was disabled. She states that she told her doctor to call defendant, but she admits that she does not know if he called and she did not ask defendant's employes whether they had received his call. The doctor does not recall whether he made a telephone call. Defendant denies receiving any call from him.

terminate people when they are on disability." The clerical worker denied making that statement, and the supervisor denied that, when he spoke with plaintiff, he had told her that the purpose of the rule was to terminate injured employes. He suggested that plaintiff had misunderstood him and that he had merely told her that defendant terminated the great majority of workers who violated the call-in rule. Defendant also asserts that its rule is part of a comprehensive plan to return injured workers to the job as soon as possible and contends that the evidence offered by plaintiff is not probative on the issue of motive.

■■ ■■ A factfinder could infer from the evidence a) that defendant enacted its rule to terminate injured workers, that plaintiff is an injured worker and a member of the class that ORS 659.410 protects and, on that basis, that defendant's motive was to terminate her because she had sustained a compensable injury; or b) that, regardless of defendant's reason for enacting its rule, it enforced it for the purpose of terminating plaintiff because she was an injured worker.[5] In any event, there is a genuine issue of fact as to defendant's motive in terminating plaintiff. An employer who terminates an employe for an unlawful reason cannot refuse the worker reinstatement on the basis that she has forfeited her rights under ORS 659.415. *See Williams v. Waterway Terminals Co.,* 298 Or 506, 693 P2d 1290 (1985). Accordingly, the court erred when it awarded summary judgment to defendant.

Reversed and remanded.

---

[5] On remand, plaintiff is not limited to the evidence or inferences discussed here. She may present evidence that shows that defendant terminated her because she was an injured worker. Similarly, plaintiff is not limited on remand to the evidence which she produced in the summary judgment proceeding on any of the other issues in the case.