Argued and submitted May 18, affirmed July 18, reconsideration denied September 5, petition for review denied October 2, 1990 (310 Or 422)

Victor KLINGER,
*Appellant,*

*v.*

MORROW COUNTY GRAIN GROWERS, INC.,
*Respondent.*

(88-CV-117; CA A62353)

794 P2d 811

David S. Shannon, Portland, argued the cause for appellant. With him on the briefs were Michael J. Caro and Shannon and Johnson, P.C., Portland.

John H. Kottkamp, Pendleton, argued the cause for respondent. With him on the brief was Kottkamp & O'Rourke, Pendleton.

Before Joseph, Chief Judge,* and Newman and Deits, Judges.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Richardson, P. J.

## JOSEPH, C. J.

Plaintiff operates a retail gasoline station. Defendant operates a "card-lock" service station, where customers are permitted to serve themselves in making gasoline purchases. Plaintiff contends that, by allowing self-service, defendant has violated ORS 480.330.[1] He claims that defendant has thereby engaged in "unfair competition" and has also intentionally interfered with plaintiff's business relationships with his customers. He also pleads a claim for injunctive relief. The trial court granted defendant's motion to dismiss on the ground that plaintiff is not within the class protected by ORS 480.330 and that injury to business interests is not among the harms that the statute is intended to prevent. Therefore, the trial court concluded that the complaint does not state a claim. Plaintiff appeals from the resulting judgment, and we affirm.[2]

The court said in *Dunlap v. Dickson,* 307 Or 175, 179, 765 P2d 203 (1988), that a plaintiff claiming that a statute expressly or impliedly confers a right of action on him

"must show that [the] statute grants him, as a member of the class the statute is designed to protect, the right to recover damages if noncompliance with the statute results in harm of the kind the statute was designed to prevent."

*See also, e.g., Bob Godfrey Pontiac v. Roloff,* 291 Or 318, 630 P2d 840 (1981); *Miller v. City of Portland,* 288 Or 271, 604 P2d 1261 (1980).

Plaintiff acknowledges that the legislative objective of ORS 480.330 is safety, that his business interests are not within the class that it is intended to protect and that injury to his business is not a harm that the statute is intended to

---

[1] ORS 480.330 provides:

"No owner, operator or employee of any filling station, service station, garage or other dispensary where Class 1 flammable liquids are dispensed at retail, shall permit any person other than the owner, operator or employee to use or manipulate any pump, hose, pipe or other device for dispensing such liquids into the fuel tank of a motor vehicle or other retail container."

Violation of the statute is a Class C misdemeanor. ORS 480.990(7).

[2] Defendant's motion also asserted that ORS 480.330 is unconstitutional. It is unnecessary for us to reach that issue, in the light of our disposition of the case. *But see Atlantic Richfield Co. v. Greene,* 100 Or App 16, 784 P2d 442 (1989), *rev den* 309 Or 698 (1990).

prevent. He contends, however, that that is beside the point, because his claims are for common law torts, not for statutory liability or negligence *per se.* He asserts that defendant's violation of ORS 480.330 constitutes the "improper means" element of the intentional interference claim but is not the gravamen of the action in itself. Therefore, plaintiff maintains, the protected class/prevented harm test, derived from statutory liability and negligence *per se* cases, is inapposite, and he has adequately stated claims for common law relief.

Plaintiff relies on *Dunlap v. Dickson, supra,* where the plaintiff brought an action against the owner of a cow with which the plaintiff's vehicle had collided in a livestock district. The plaintiff alleged a common law negligence claim and a claim for statutory liability under the provisions of ORS chapter 607, relating to livestock running at large in livestock districts. The court first rejected the statutory liability claim, holding that the statutes did not expressly or impliedly create a civil remedy for persons suffering harm of the kind that the plaintiff had alleged. However, the court held that the plaintiff could state a negligence claim. It relied on earlier decisions that recovery for negligence was available when injuries resulted from cattle running at large in livestock districts. The court then noted:

> "Our conclusion does not conflict with our determination that plaintiff may not recover for statutory liability based upon ORS 607.044 or 607.045(1). * * * [T]he legislature must be assumed to know and to anticipate that a statute may affect private rights under the common law when it enacts the statute. * * * Although the legislature expressly provided a remedy to owners and possessors of land under ORS 607.044 and created criminal liability for certain activities under ORS 607.045(1), it remains for this court to determine the effect of these and similar statutes upon a plaintiff's common law right to recover." 307 Or at 181. (Citation omitted.)

Plaintiff urges us to conclude that, as in *Dunlap,* his common law claims are viable independently of the statutory violation that allegedly also occurred by virtue of defendant's conduct. The problem is that, were it not for the statutory violation, there *could* be *no* misconduct here. In *Dunlap,* the act of allowing livestock to run at large could have been negligent, without reference to the statutory proscription. *See* 307 Or at 180-81; *see also Watzig v. Tobin,* 292 Or 645, 642 P2d 651

(1982). Conversely, under plaintiff's allegations, defendant's conduct cannot be improper, unfair or otherwise tortious, unless it violates ORS 480.330. Although plaintiff contends that he is asserting common law claims rather than statutory liability, he has simply attached common law labels to allegations that assert no wrong other than the statutory violation. *See Van De Hey v. U.S. National Bank,* 102 Or App 203, 793 P2d 1388 (1990).

Plaintiff also attempts to bolster his common law claim argument with the statement in *Top Service Body Shop v. Allstate Ins. Co.,* 283 Or 201, 209, 582 P2d 1365 (1978):

"[L]iability [for intentional interference] may arise from improper motives or from the use of improper means. They may be wrongful *by reason of a statute or other regulation,* or a recognized rule of common law, or perhaps an established standard of a trade or profession." (Emphasis supplied.)

Plaintiff understands the emphasized language to mean that *any* statutory violation can supply the "improper means" element for an intentional interference claim. We disagree. It would make no sense for an intentional interference claim to be maintainable simply because the defendant violated a statute that has no nexus with the business or economic relationships allegedly harmed. Indeed, the context of the statement in *Top Service Body Shop* makes it clear that the violation of a tangential statute is not what the court had in mind. It went on to say in the same sentence that violations of trade or professional standards could also constitute improper means; thus, the sentence as a whole refers to regulations and standards that have a business or economic connection. ORS 480.330 does not. As noted, the statute has no objective—even incidentally—of protecting business interests or competition.

Plaintiff does not contend that the trial court was incorrect in its statement or application of the rule for determining whether he had stated a statutory liability claim. His argument is, instead, that this is not a statutory liability action. For the reasons stated, we conclude that all of plaintiff's claims[3] are, in substance, for statutory liability. The

---

[3] Because our reasoning applies to plaintiff's action as a whole, we do not separately discuss his assignments challenging the dismissal of the individual claims.

court did not err in dismissing them.

Affirmed.