Argued and submitted October 23, 1992, affirmed on appeal; reversed and remanded on cross-appeal July 7, Metrofueling's petition for reconsideration and State's petition for reconsideration denied October 13, both petitions for review denied November 23, 1993 (318 Or 97)

John F. ALTO,
W. D. Tuininga, Glenn H. Lucas, Robert C. Peck,
Barry Desbiens, Gary W. Collins, Arnold Donnelly,
R. J. Barman, George De Hart and Herbert L. Thompson,
*Respondents - Cross-Appellants,*

*v.*

STATE OF OREGON,
by and through the
STATE FIRE MARSHAL,
Susan M. Browning,
acting State Fire Marshal,
*Appellant - Cross-Respondent,*

*and*

METROFUELING, INC.,
*Intervenor-Appellant - Cross Respondent.*

(9009-05766; CA A67834)

855 P2d 649

Arthur B. LaFrance, Judge pro tempore.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Phil Goldsmith, Portland, argued the cause for respondents - cross-appellants. With him on the briefs were Roger K. Harris and James & Denecke, Portland.

James N. Westwood, Portland, argued the cause for intervenor-appellant - cross-respondent. With him on the briefs were Dennis P. Rawlinson and Miller, Nash, Wiener, Hager & Carlsen, Portland.

DURHAM, J.

Warren, J., dissenting.

## DURHAM, J.

Plaintiffs, retail gasoline dealers, brought this action to obtain a declaratory judgment interpreting ORS 480.330 and ORS 480.340, which relate to cardlock gasoline stations. They also sought an injunction against allegedly discriminatory enforcement of the statutes and rules by the State Fire Marshal, and reasonable attorney fees. Metrofueling, Inc., a cardlock dealer, intervened and joined the State of Oregon as a defendant.[1] Pursuant to the parties' stipulation, the court consolidated the preliminary injunction hearing with the trial on the merits. The court granted a declaration that the Fire Marshal's rules interpreting those statutes are invalid and requiring the Fire Marshal to enforce the statutes according to plaintiffs' interpretation of them. The court denied plaintiffs' claim for reasonable attorney fees. Defendants appeal, and plaintiffs cross-appeal. We affirm on appeal and reverse and remand on cross-appeal.

The dispute revolves around the meaning of "at retail" in two statutes. ORS 480.330 provides:

"No owner, operator or employee of any filling station, service station, garage or other dispensary where Class 1 flammable liquids are dispensed at retail, shall permit any person other than the owner, operator or employee to use or manipulate any pump, hose, pipe or other device for dispensing such liquids into the fuel tank of a motor vehicle or other retail container."

ORS 480.340 provides, in part:

"No owner, operator or employee of any filling station, service station, garage or other dispensary where Class 1 flammable liquids are dispensed at retail, shall install or use, or permit the use of, any coin-operated or self-service dispensing device for such liquids."

The Fire Marshal promulgated rules defining "at retail" in a somewhat backhanded manner. OAR 837-20-035(6) defines a "non-retail" facility as one that, *inter alia*, "[d]oes not market or sell flammable liquids to the general public." OAR 837-20-045 provides:

---

[1] We refer to defendant and intervenor collectively as "defendants."

"No owner of a facility where flammable liquids are dispensed at retail shall allow the general public to use or manipulate any pump, hose, pipe or other device used at the facility to dispense flammable liquids into a fuel tank of a motor vehicle or container."

Under the rules, the sale of gasoline to the "general public" constitutes retail sale. However, by defining cardlock facilities as "non-retail," the rules exempt cardlock dealer sales from the statutory requirement that an attendant must dispense gasoline sold at retail. Plaintiffs argue, and the trial court agreed, that under the statutes in effect when this case arose, cardlock dealers dispense gasoline "at retail" and are subject to the ban on self-service dispensing.[2]

■ Defendants first argue that the trial court lacked jurisdiction, because plaintiffs' claim is solely a challenge to the validity of administrative rules and, therefore, must be brought by petition to this court under ORS 183.400(1). Plaintiffs counter that their main objective was a determination of their rights under and the meaning of the two statutes, which they assert were properly before the court in a declaratory judgment action under ORS 28.010. They argue that the State Fire Marshal's selective enforcement actions violated the statute and the administrative rules. They also argue that the injunctive relief that they seek is not available in an ORS 183.400 rule challenge and that, therefore, the trial court can determine the validity of the rules in the course of deciding the entire dispute. *See Hay v. Dept. of Transportation*, 301 Or 129, 719 P2d 860 (1986).

ORS 183.400 provides, in part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. * * *

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon

---

[2] In 1991, the legislature amended ORS 480.310 to add that a "nonretail facility" is "an unattended facility where Class 1 flammable liquids are dispensed through a card or key activated fuel dispensing device to nonretail customers." It also added ORS 480.345 to authorize, "[n]otwithstanding ORS 480.330 and 480.340," self-service dispensing of gasoline at nonretail facilities to certain classes of customers who buy a designated quantity of fuel annually. Or Laws 1991, ch 863, §§ 48, 49a.

enforcement of such rule or order in the manner provided by law."

In *Oregon Bankers Assn. v. Bureau of Labor and Ind.*, 102 Or App 539, 544, 796 P2d 366 (1990), we held that a rule challenge under ORS 183.400(1) is confined to an adjudication of "the validity of an administrative rule *as it is written.*" (Emphasis in original.) *Hay v. Dept. of Transportation, supra,* holds that our jurisdiction to consider a rule challenge under ORS 183.400(1) is not exclusive and that a circuit court may hear a rule challenge "when a party places a rule's validity at issue in a separate civil action." 301 Or at 138.

Plaintiffs' claim is not solely a facial challenge to the validity of rules. They alleged that the Fire Marshal was responsible for enforcement of the statutory prohibitions on self-service and coin-operated dispensing of Class 1 flammable liquids at retail. ORS 480.330; ORS 480.340. They claimed that her encouragement of "cardlock" dispensers violated those statutes, deprived plaintiffs of due process and equal protection under the Fourteenth Amendment and 42 USC § 1983, restrained trade and commerce in violation of ORS 646.705 *et seq,* interfered with prospective economic advantage and caused a loss of goodwill and defamation to plaintiffs' businesses, names and trades. They alleged that her conduct had caused and would cause irreparable harm to plaintiffs and other "non-cardlock" gasoline dealers. They sought a declaration of their rights under ORS 480.330 and ORS 480.340 and a permanent injunction requiring the Fire Marshal to enforce the statutory prohibitions on self-service dispensing of gasoline at retail against all retail dealers, including cardlock dealers. Defendants do not contend that plaintiffs made their allegations or sought injunctive relief and attorney fees in bad faith or solely to circumvent this court's jurisdiction under ORS 183.400(1).

*Hay* quoted, with approval, a law review article, Safriet, *Judicial Review of Government Action: Procedural Quandaries and a Plea for Legislative Reform,* 15 Envtl L 217, 239 (1985), that pointed out the impracticality of compelling a party seeking a rule's invalidation and other relief, such as an injunction, to litigate exclusively in the Court of

Appeals. The court in *Hay* relied on that reasoning in rejecting the state agency's contention that litigation in the circuit court over trespass and nuisance issues had to cease because the litigation also concerned the validity of a rule. Defendants argue that plaintiffs did not seek damages in circuit court, but the Supreme Court has not required that. The complaint meets *Hay's* requirement of a "separate civil action" that seeks relief, such as injunctive relief, that is broader in scope than the invalidation of a rule on its face. The court did not err in assuming jurisdiction of this proceeding. ORS 183.400(2).

■    Defendants assert that plaintiffs' claims are moot because, after judgment was entered, the legislature enacted statutory amendments to ORS 480.310 and ORS 480.345 that authorized cardlock dealers to permit nonretail customers to dispense gasoline under certain conditions "[n]otwithstanding ORS 480.330 and ORS 480.340." Or Laws 1991, ch 863, §§ 48-57. However, defendants dispute plaintiffs' claim to prevailing-party attorney fees in the action. Plaintiffs' cross-appeal asserts that the court erred in denying attorney fees, and defendants contend that the denial of fees was correct. We cannot resolve the attorney fee dispute without addressing the correctness of the court's judgment. *Pacific N.W. Dev. Corp. v. Holloway*, 274 Or 367, 371, 546 P2d 1063 (1976). The appeal is not moot.

■    Defendants assign error to the trial court's rejection of their laches defense. The state did not plead that defense, and the trial court was not required to consider it *sua sponte*. Metrofueling argues that it made substantial capital investments for over a decade, in reliance on a 1966 Attorney General's opinion and the Fire Marshal's operations under that opinion. 32 Op Atty Gen 419, 421 (1966). However, laches requires proof that the delay in filing suit caused the defendant "substantial prejudice * * * to the extent that it would be inequitable to afford the relief sought." *Stephan v. Equitable S & L Ass'n*, 268 Or 544, 569, 522 P2d 478 (1974). If the Fire Marshal's enforcement plan is unlawful, Metrofueling does not gain an equitable right to continue operation under that plan because the responsible state official fails to enforce the law until judicially compelled to do so.

■ ■    Defendants assign error to the trial court's interpretation of ORS 480.330 and ORS 480.340, particularly the

phrase "at retail," and the court's rejection of the State Fire Marshal's interpretation of that phrase in her rules. ORS 174.020 provides, in part: "In the construction of a statute the intention of the legislature is to be pursued if possible." We discern the legislature's intention, if possible, by examining the statute's text and context. *Boone v. Wright*, 314 Or 135, 138, 836 P2d 727 (1992). *McKean-Coffman v. Employment Div.*, 312 Or 543, 549, 824 P2d 410 (1992) says:

> "[C]ourts must construe the statute if possible so that it is reasonable and workable and consistent with the legislature's general policy. *Pacific P. & L. Co. v. Tax Com.*, 249 Or 103, 110, 437 P2d 473 (1968). The inquiry into legislative intent begins with an examination of the language of the statute itself. When the language itself provides sufficient insight into legislative intent, it is not appropriate for a court to consult legislative history."

ORS 476.030(1)(a) and (b) provides:

> "The State Fire Marshal shall enforce all statutes, and make rules relating to:
>
> "(a)  The prevention of fires.
>
> "(b)  The storage and use of combustibles and explosives."

The State Fire Marshal argues that, in light of those provisions, the court must defer to her construction, through rules, of the statutory phrase "at retail," because her rules permitting self-service dispensing of gasoline have been in effect for several years. *See Knapp v. City of North Bend*, 304 Or 34, 41, 741 P2d 505 (1987). *Springfield Education Assn. v. School Dist.*, 290 Or 217, 228, 621 P2d 547 (1980), holds that a court will uphold a rule embodying an agency interpretation on an inexact term

> "if the interpretation can be determined to be within the statutory intent, but not otherwise. * * * The issue of law on review is whether the agency interpretation coincides with the legislative policy which inheres in the meaning of the statute."

*Cook v. Workers' Compensation Department*, 306 Or 134, 138, 758 P2d 854 (1988), says:

> "An administrative agency may not, by its rules, amend, alter, enlarge or limit the terms of a statute." 306 Or at 138.

ORS 480.330 forbids an owner or agent of a place where gasoline is dispensed "at retail" to "permit any person" to engage in self-service dispensing of gasoline "into the fuel tank of a motor vehicle or other retail container."[3] Retail means:

"[T]he sale of commodities or goods in small quantities to ultimate consumers — opposed to wholesale[.]" *Webster's Third New International Dictionary* 1938 (1976).

The State Fire Marshal did not define the term "retail" in her rules. Instead, in OAR 837-20-045, quoted *supra*, she rephrased the statutory ban to prohibit dispensing flammable liquids "at retail" by "the general public." The statute forbids self-service dispensing "at retail" by "any person," not only the "general public."

The parties do not disagree that, as a result of the exemption created by the rule-based distinction between dispensers who serve the "general public" and "non-retail facilities," cardlock customers by the thousands pump their own gasoline.[4] They do not challenge the court's finding that cardlock customers are "identical to purchasers from attended stations." The State Fire Marshal defends the distinction in her rules by relying on an Attorney General's opinion that states:

"Only 'nonretail' gasoline stations — those that do not sell to the general public — may allow their customers to pump their own gasoline, and may install self-service gasoline pumps. In order to be considered 'nonretail,' a gasoline station must refuse to sell gasoline to the general public, and limit itself to some distinctly smaller group of customers.

"The information we have received indicates that the most common practice among cardlock stations is to serve only commercial, industrial, governmental and similarly restricted accounts. This practice, if followed, effectively

---

[3] The legislature intended the ban on self-service dispensing of gasoline to promote safety. *Klinger v. Morrow County Grain Growers, Inc.*, 102 Or App 375, 377, 794 P2d 811, *rev den* 310 Or 422 (1990).

[4] For example, the Attorney General has stated:

"The use of personalized cards rather than keys makes each pump accessible to a virtually unlimited number of customers. One cardlock company has informed us that its current computerized system enables it to handle approximately 800,000 accounts. Thus, cardlock technology allows cardlock stations to serve the general public." Op Atty Gen No. 8213 at 8 (March 23, 1990).

prevents the general public from using self-service and, therefore, qualifies the stations as nonretail." Op Atty Gen No. 8213 at 10 (March 23, 1990).

Defendant Metrofueling also argues that large volume purchasers "are more familiar with dispensing equipment because they pump more gas than retail consumers," and that "finite customer classes are easier to train in fire safety."

Even when we accord the State Fire Marshal's rule the judicial respect to which it is entitled, *see Megdal v. Board of Dental Examiners*, 288 Or 293, 304, 605 P2d 273 (1980), we agree with the trial court that the exemption for cardlock dealers amends the statutory self-service ban. Defendants do not disagree that cardlock customers are the ultimate consumers of the gasoline they pump, and that they purchase in small, not bulk or wholesale, quantities. The frequency of their purchases and their assumed greater amenability to training in fire safety are beside the point. Except when using their own facilities, service station owners and even the State Fire Marshal are forbidden to fill their own tanks. Defendants point to no alternative definition of the statutory phrase "at retail" that justifies the creation of an exemption for cardlock sales of gasoline in small quantities to ultimate consumers, and we can imagine none. The statutory ban applies to retail dispensing by "any person," not only by those "general public" customers who have been excluded by a cardlock dealer. Like the trial court, we conclude that the rules that create the cardlock exemption violate ORS 480.330 and ORS 480.340, and were unauthorized.

■ Defendants argue that the 1991 amendments are a legislative endorsement of the Fire Marshal's rules, citing *Kaiser Cement v. Tax Com.*, 250 Or 374, 378, 443 P2d 233 (1968): "Under some circumstances the amendment may be tantamount to 'a legislative declaration of the meaning' of a statute." (Citation omitted.) Plaintiffs respond that an amendment signals an intention to change, not retain, a statute's meaning. *See Roy L. Houck & Sons v. State Tax Commission*, 229 Or 21, 32, 366 P2d 166 (1961).

ORS 480.345 now permits cardlock dealers to allow self-service under defined circumstances "[n]otwithstanding ORS 480.330 and 480.340." The quoted phrase signals an intention to create a new policy. In general, the new law

permits self-service by a defined class of business, governmental, nonprofit or charitable entities who purchase at least 2,400 gallons of fuel per year, unless they are able to document qualification for an exemption. The exemption created in the rules applies to any customer who is certified and trained regardless of the customer's business or government connection or the amount of fuel purchased. The two exemptions are dissimilar in operation. The legislative amendment does not reflect an intention to endorse the rule-based cardlock exemption.

■     On cross-appeal, plaintiffs contend that the court erred by denying them attorney fees and by violating ORCP 68. They rely on *Deras v. Myers*, 272 Or 47, 66, 535 P2d 541 (1975), and *Gilbert v. Hoisting & Port. Engrs.*, 237 Or 130, 142, 384 P2d 136, 390 P2d 320 (1963), *cert den* 376 US 963 (1964). They sought reasonable attorney fees in the complaint. After the trial, the court entered an order that said:

> "6.   All other requests or prayers for relief herein are denied and this Order shall constitute the Judgment of the Court and shall remain in full force and effect pending the final outcome of this proceeding or until stayed pursuant to court order or process."

The court entered a judgment adopting that order and stating that "each party shall bear its own costs and attorneys fees in connection with the matter."

    ORCP 68C(4)(a) provides that a prevailing party may file a statement seeking attorney fees "not later than 14 days after entry of judgment pursuant to Rule 67." The court violated that right by denying fees before plaintiffs had an opportunity to file a statement and make a record of the facts required to justify a fee award under *Deras* and *Gilbert*. The error requires remand. We decline to address the parties' conflicting arguments about plaintiffs' right to fees until they have been addressed by the trial court.[5]

---

[5] Neither party made a record below regarding the facts that might justify or defeat a claim for reasonable attorney fees. On remand, the parties are not limited to the evidence or inferences discussed here and may offer other evidence that establishes or defeats that claim. *See Spurgeon v. Stayton Canning Company*, 92 Or App 566, 572 n 5, 759 P2d 1104 (1988); ORS 183.497(2)(c).

Affirmed on appeal; reversed and remanded on cross-appeal.

**WARREN, J.,** dissenting.

I disagree that the trial court had jurisdiction to decide this case and, therefore, respectfully dissent.

Under ORS 183.400(1), the validity of an administrative rule may be determined by this court. We have said that the Administrative Procedures Act (APA)

> "establishes a comprehensive pattern for the judicial review of administrative decisions. The various APA statutes governing judicial review provide the sole and exclusive methods of obtaining judicial review." *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 720, 554 P2d 620, *rev den* 276 Or 555 (1976).

We have continued to apply that rule: When there is a process available under the APA for judicial review, that process is exclusive. *See, e.g., FOPPO v. County of Marion*, 93 Or App 93, 760 P2d 1353 (1988), *rev den* 307 Or 326 (1989); *Pen-Nor, Inc. v. Oregon Dept. Higher Ed.*, 87 Or App 305, 742 P2d 643 (1987).

Plaintiffs assert, and the majority agrees, that they need not follow the APA judicial review provisions, because this action is for a declaration of the meaning of a statutory term and for an injunction requiring enforcement in accordance with the interpretation of the statute promoted by plaintiffs. They argue that they do not claim that the Fire Marshal's rules are inconsistent with the statute but, rather, that the Fire Marshal is selectively enforcing the rules. Therefore, the argument goes, the validity of the rules was not before the circuit court. That argument is contrary to their complaint. Plaintiffs did not allege selective enforcement of the rules; they alleged that the Fire Marshal was acting in conformity with the rules. Their complaint was that the rules interpreting the statutory term "at retail" constitute an erroneous interpretation of the statutes and that the rules, therefore, "are violative of and inconsistent with" the statutes "and are thereby void, without force or effect." Far from seeking to enjoin selective enforcement, the fundamental premise of their complaint was that the Fire Marshal *was*

applying her rules, but that the rules contain an interpretation of the statutory term "at retail" with which they disagree.

Plaintiffs also argue that the trial court had jurisdiction, because this action is a "separate civil action" that incidentally puts the validity of the rules at issue. After we decided *Bay River v. Envir. Quality Comm., supra,* the Supreme Court addressed the exclusivity of APA review in an action against a state agency for trespass and nuisance. In *Hay v. Dept. of Transportation,* 301 Or 129, 719 P2d 860 (1986), the plaintiff motel owners claimed that the state's action in authorizing the use of the beach in front of their motel as a parking lot constituted a trespass and a nuisance. The defendant agency argued that the action was a collateral attack on the agency rules that authorized the parking, which the plaintiffs could mount only pursuant to ORS 183.400(1). The Supreme Court agreed that the action collaterally attacked the rule, but concluded that the challenge could proceed in the context of the trespass and nuisance action:

> "The agencies' analysis assumes that the APA is the exclusive means to challenge agency rules and that the circuit court cannot consider the validity of the rule at issue. However, ORS 183.400(1) is not exclusive on its face; it states that the 'validity of any rule *may* be determined upon a petition by any person to the Court of Appeals.' " 301 Or at 137. (Emphasis in original.)

It then concluded that requiring the plaintiffs to petition this court for a determination of the validity of the rule, while the damage action in circuit court was stayed pending the outcome of that petition, would unnecessarily delay and confuse the system of review of agency acts. 301 Or at 138. It went on to caution, however:

> "Our decision does not mean that anyone who dislikes a rule may challenge that rule in circuit court; ORS 183.400(1) authorizes the Court of Appeals to hear such a challenge. *Only when a party places a rule's validity at issue in a separate civil action may circuit courts determine a rule's validity.* This is such a case." 301 Or at 138. (Emphasis supplied.)

The exception to ORS 183.400(1) review of administrative rules set out in *Hay,* does not assist plaintiffs here. In

*Hay*, the existence of a trespass or nuisance depended on whether the agency's rule allowing beach parking was valid. If it was not a valid rule, a trespass or nuisance had occurred. Thus, the determination of the validity of the rule was incidental to the claims for damages. Here, in contrast, it is the relief sought, an injunction, that is incidental to the declaration that the rules are invalid. Plaintiffs seek a declaration that the Fire Marshal's rules permit what the statutes prohibit. That is the essence of a rule challenge under ORS 183.400(1).

Despite plaintiffs' attempts to recharacterize the action, this is a direct attack on the rules, under the guise of a declaratory judgment, rather than a collateral attack on the rules incidental to a separate civil action. The gravamen of plaintiffs' action is an invalidation of the rules based on their assertion that the statutory term "at retail" means what plaintiffs say it means, rather than what the Fire Marshal's rules say it means. All of the relief that they seek, an injunction requiring the Fire Marshal to enforce the statutes as plaintiffs read them and enjoining her from applying or enforcing her rules, is wholly dependent on and flows directly from the declaration of the invalidity of the rules. The APA provides a mechanism, ORS 183.400(1), for plaintiffs to obtain a declaration regarding the validity of the rules. Although that mechanism is not always exclusive, it is the mechanism that must be used when, as in this case, the relief that the person seeks could be granted by this court.

If the challenged rules are valid, that which the Fire Marshal permits is statutorily permissible. Only as a consequence of a holding that the rules are invalid can plaintiffs obtain *any* relief. This is not a separate civil action as contemplated in *Hay*. The majority's conclusion that this action could properly proceed in circuit court entirely eviscerates ORS 183.400(1). I cannot join in that reading of the statute or of *Hay*.

Deits, J., joins in this dissent.