Submitted on respondents' petition for attorney fees filed August 25 (opinion on merits at 121 Or App 543, 855 P2d 649), petition for attorney fees denied December 29, 1993

John F. ALTO,
W. D. Tuininga, Glenn H. Lucas,
Robert C. Peck, Barry Desbiens,
Gary W. Collins, Arnold Donnelly,
R. J. Barman, George De Hart,
and Herbert L. Thompson,
*Respondents - Cross-Appellants,*

*v.*

STATE OF OREGON,
by and through the
STATE FIRE MARSHAL,
Susan M. Browning,
acting State Fire Marshal,
*Appellant - Cross-Respondent,*

*and*

METROFUELING, INC.,
*Intervenor-Appellant - Cross-Respondent.*

(9009-05766; CA A67834)

865 P2d 1328

Roger K. Harris, Phil Goldsmith and James, Denecke & Harris for petition.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert Atkinson, Assistant Attorney General, *contra*.

Before Riggs, Presiding Judge, and De Muniz and Durham, Judges.

PER CURIAM

**PER CURIAM**

Plaintiffs petition for an award of attorney fees and costs on appeal against defendant. In *Alto v. State Fire Marshal*, 121 Or App 543, 553, 855 P2d 649, *rev den* 318 Or 97 (1993), we reversed the trial court's order denying attorney fees and costs because plaintiffs had a right under ORCP 68C(4)(a) to file a statement and make a record of the facts required to justify a fee award. We said:

"We decline to address the parties' conflicting arguments about plaintiffs' right to fees until they have been addressed by the trial court." 121 Or App at 553. (Footnote omitted.)

Plaintiffs' petition asks us to decide whether they are entitled to fees on appeal. We decline to decide the question until the trial court decides their entitlement to fees on remand. We note that "attorney fees," within the meaning of ORCP 68A(1), may include fees incurred on appeal.

Defendant does not object to the statement of costs and disbursements. We allow costs and disbursements in the amount claimed, $865.80. ORAP 13.05(5)(d).

Petition for attorney fees denied; costs and disbursements allowed in the sum of $865.80.