Argued and submitted May 11, resubmitted July 28, decision of the Court of Appeals reversed; case remanded to the circuit court with instructions July 29, reconsideration denied October 25, 1994

John F. ALTO,
W. D. Tuininga, Glenn H. Lucas,
Robert C. Peck, Barry Desbiens,
Gary W. Collins, Arnold Donnelly, R. J. Barman,
George De Hart, and Herbert L. Thompson,
*Respondents on Review,*

*v.*

STATE OF OREGON,
by and through the
STATE FIRE MARSHAL,
Susan M. Browning,
acting State Fire Marshal,
*Petitioner on Review,*

*and*

METROFUELING, INC.,
*Petitioner on Review.*

(CC 9009-05766; CA A67834;
SC S40580 (Control) S40581)

876 P2d 774

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for petitioner on review State of Oregon. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James N. Westwood, of Miller, Nash, Wiener, Hager & Carlsen, Portland, argued the cause for petitioner on review Metrofueling, Inc. With him on the briefs was Dennis P. Rawlinson, Portland.

Phil Goldsmith, Portland, argued the cause for respondents on review. With him on the responses was Roger K. Harris of James, Denecke & Harris, Portland.

Before Carson, Chief Justice, and Van Hoomissen, Fadeley, Unis, and Graber, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The dispositive issue in this case is whether the circuit court had subject matter jurisdiction to consider plaintiffs' challenge to administrative rules brought pursuant to the Uniform Declaratory Judgment Act, ORS 28.010 *et seq.*[1] Defendants[2] argue that the Court of Appeals has exclusive jurisdiction pursuant to ORS 183.400(1).[3] The circuit court ruled that it had jurisdiction, and the Court of Appeals affirmed. *Alto v. State Fire Marshal*, 121 Or App 543, 855 P2d 649 (1993). For the reasons that follow, we reverse.

Plaintiffs are owners, operators, or employees of retail gas stations that employ attendants to pump gasoline. They brought this action in circuit court for declaratory and

---

[1] ORS 28.010 provides in part:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed."

ORS 28.020 provides in part:

"Any person * * * whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such instrument, constitution, statute, municipal charter, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

ORS 28.080 provides:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application thereof shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

[2] We refer to defendant State Fire Marshal and defendant-intervenor Metrofueling, Inc., collectively as "defendants."

[3] ORS 183.400, a provision of the Administrative Procedures Act (APA), provides in part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law."

injunctive relief under the Uniform Declaratory Judgment Act, ORS 28.010 *et seq.*

The underlying dispute in this case revolves around the meaning of the term "at retail" in ORS 480.330 and 480.340, which prohibit the self-service pumping of gasoline at any filling station, service station, garage, or other dispensary where gasoline is dispensed "at retail."[4] At the time this case was initiated in September 1990, the State Fire Marshal had promulgated rules that excluded certain cardlock gas stations' sales from the "at retail" provisions of ORS 480.330 and 480.340, thereby permitting the self-service pumping of gasoline at cardlock gas stations under certain circumstances.[5]

Plaintiffs' complaint alleged that the Fire Marshal's rules, which allowed self-service gasoline pumping at "non-

---

[4] ORS 480.330 provides:

"No owner, operator or employee of any filling station, service station, garage or other dispensary where Class I flammable liquids are dispensed *at retail*, shall permit any person other than the owner, operator or employee to use or manipulate any pump, hose, pipe or other device for dispensing such liquids into the fuel tank of a motor vehicle or other retail container." (Emphasis added.)

ORS 480.340 provides in part:

"No owner, operator or employee of any filling station, service station, garage or other dispensary where Class I flammable liquids are dispensed *at retail*, shall install or use, or permit the use of, any coin-operated or self-service dispensing device for such liquids." (Emphasis added.)

After the circuit court's decision in this case, the 1991 legislature enacted ORS 480.345 *et seq*, which describe specific conditions under which non-retail cardlock gas stations may operate.

[5] The Uniform Fire Code (UFC), Art. 79, Div. IV, as adopted by the State Fire Marshal, effective July 1, 1989, provided that the dispensing of gasoline must be under the supervision of a qualified attendant, but made an exception for "non-retail" facilities that complied with certain safety provisions.

The Fire Marshal later promulgated OAR 837-20-035(6), which provided:

" 'Non-retail facility' shall mean a facility that:

"(a) Does not market or sell flammable liquids to the general public; and

"(b) Requires every person authorized to dispense flammable liquids at the facility to have successfully completed the fire safety training required by OAR 837-20-055 and to be certified under OAR 837-20-065."

OAR 837-20-045 provided:

"No owner of a facility where flammable liquids are dispensed at retail shall allow the general public to use or manipulate any pump, hose, pipe or other device used at the facility to dispense flammable liquids into a fuel tank of a motor vehicle or container."

retail" facilities, violated the prohibitions of ORS 480.330 and 480.340, as well as other state and federal statutes, and deprived plaintiffs of due process and equal protection under the Fourteenth Amendment to the Constitution of the United States.[6]

Plaintiffs further alleged:

"The State Fire Marshal has created, through the implementation and enforcement of the above-referenced UFC and OAR provisions, and will continue to maintain, two (2) classes of gasoline dispensaries 'at retail.' The State Fire Marshal has refused and will continue to withhold and deny uniform enforcement of the statutory prohibition of self-service gasoline dispensing 'at retail.' "

Plaintiffs alleged that they were entitled to relief under the Uniform Declaratory Judgment Act, arguing that the circuit court "has jurisdiction to render the injunctive relief applied for herein, *i.e.*, to enjoin the State Fire Marshal from acting in violation of the ORS 480.330 and 480.340 prohibition of self-service dispensing of gasoline 'at retail.' "

Plaintiffs' prayer for relief and judgment against the State Fire Marshal requested:

"1. That this court enter a judgment declaring and adjudicating the respective rights of Plaintiffs and duties of the State Fire Marshal, and specifically declaring that:

"(a) The language in ORS 480.330 and 480.340 concerning the dispensing of Class I flammable liquids 'at retail' means the sale of Gasoline to the ultimate consumer, *i.e.*, dispensing gasoline into motor vehicle fuel tanks and other retail containers in small quantities; but does not include Gasoline sales at wholesale, *i.e.*, to be resold to other wholesalers, jobbers or retailers in large quantities; and,

---

[6] Plaintiffs' complaint alleges in part:

"16.

"By encouraging, allowing, and permitting cardlocks to dispense gasoline by self-service into fuel tanks of motor vehicles and other retail containers 'at retail,' the State Fire Marshal has or will:

"(a) Violate the express statutory prohibitions of ORS 480.330 and 480.340[.]"

In the lower courts, plaintiffs pursued only their claims that the State Fire Marshal's rules violated ORS 480.330 and 480.340. We therefore do not address plaintiffs' other claims.

"(b) The UFC and OAR provisions referenced above, with respect to their 'non-retail' and 'non-retail facility' classification, are violative of and inconsistent with ORS 480.330 and 480.340 and are thereby void, without force or effect.

"2. That this court issue a permanent injunction:

"(a) Enjoining the State Fire Marshal specifically to enforce ORS 480.330 and 480.340, and their prohibition of Self-service dispensing of Gasoline 'at retail,' *i.e.*, the sale of gasoline to the ultimate consumer by dispensing gasoline into motor vehicle fuel tanks and other retail containers in small quantities; but without effect upon gasoline sales at wholesale, *i.e.*, to be resold to other wholesalers, jobbers or retailers in large quantities; and,

"(b) Further enjoining the State Fire Marshal from implementing, applying or using the above-referenced UFC and OAR provisions with respect to the 'non-retail' and 'non-retail facility' classifications exception to the prohibition of Self-service dispensing of Gasoline 'at retail.'

"3. That this court award Plaintiffs costs, disbursements and reasonable attorneys' fees herein.

"4. That this court order such further relief as it deems just and proper."

Defendants moved to dismiss plaintiffs' complaint. They argued that the circuit court lacked subject matter jurisdiction, because plaintiffs' complaint was a challenge to administrative rules that had to be taken in the Court of Appeals pursuant to ORS 183.400(1).

The circuit court concluded that it had jurisdiction.[7] The court interpreted the term "at retail" in ORS 480.330 and 480.340 to include sales by both retail gas stations that employ attendants to pump gasoline and retail cardlock gas stations that do not employ attendants but dispense gasoline only by self-service. The court enjoined the State Fire Marshal from exempting "any retail dealers, cardlock or otherwise," from the requirement for attended service, and further

---

[7] The circuit court deferred ruling on the jurisdictional issue until all the evidence had been presented. We are not required to decide in this case whether the circuit court's subject matter jurisdiction must be established from the face of the complaint.

enjoined the Fire Marshal "to proceed to enforce that requirement equally upon *all* 'retail' facilities." (Emphasis in original.)

Defendant and defendant-intervenor Metrofueling, Inc., appealed, arguing that the circuit court lacked subject matter jurisdiction, that the case was moot, and that plaintiffs' claims were barred by laches. Plaintiffs cross-appealed, contending that the circuit court erred by denying them attorney fees and by violating ORCP 68 (allowance and taxation of attorney fees and costs and disbursements).

The Court of Appeals, *in banc*, concluded that plaintiffs' claim was not simply a facial challenge to the validity of the State Fire Marshal's administrative rules and that the circuit court had subject matter jurisdiction to determine the validity of the rules in deciding the entire dispute. *Alto v. State Fire Marshal, supra*, 121 Or App at 548-49 (citing *Hay v. Dept. of Transportation*, 301 Or 129, 719 P2d 860 (1986)). The court further concluded that, despite the legislature's amendment of the statutory scheme governing retail sales of gasoline after judgment was entered in this case, plaintiffs' appeal was not moot, because their claim for attorney fees was still in dispute, and the court could not resolve the attorney fee dispute without first addressing the correctness of the circuit court's judgment. *Id.* at 549. The court also rejected defendants' laches defense. *Ibid.* Accordingly, the court affirmed on appeal.[8] On cross-appeal, the court reversed and remanded the case to allow plaintiffs an opportunity to file a statement seeking attorney fees, ORCP 68 C(4)(a), and to make a record of the facts required to justify an award of fees. 121 Or App at 553.

Two judges disagreed that the circuit court had subject matter jurisdiction to decide this case and dissented. The dissenters argued that the exception to the provisions of ORS 183.400(1) for judicial review of administrative rules in the Court of Appeals, as articulated by this court in *Hay v. Dept. of Transportation, supra*, did not apply in this case. They argued that invalidation of the rules at issue here was

---

[8] Although the Court of Appeals reached the merits of the circuit court's decision regarding the meaning of "at retail," the parties have not briefed that issue to this court. Because of our disposition of the case on the issue of jurisdiction, we express no opinion on the issue of the statutory construction of the term "at retail."

not incidental to the injunction sought by plaintiffs but, rather, that the injunction was incidental to the invalidation of the rules. *Alto v. State Fire Marshal, supra*, 121 Or App at 555-56 (Warren, J., dissenting).

Defendants contend on review[9] that the Court of Appeals erred in holding that the circuit court had subject matter jurisdiction in this case.[10] Plaintiffs respond that the circuit court had subject matter jurisdiction, because their claim was not simply a facial attack on the administrative rules, but required the presentation of evidence and sought injunctive relief, which would not have been available in a challenge to administrative rules brought in the Court of Appeals under ORS 183.400(1).

Under certain circumstances, a case involving a challenge to the validity of an administrative rule may occur in a court other than the Court of Appeals. ORS 183.400(2); *Hay v. Dept. of Transportation, supra.* Plaintiffs argue that they fall within the exception found in ORS 183.400(2) allowing determination "by a court * * * upon enforcement of such rule * * * in the manner provided by law[,]" with the Uniform Declaratory Judgment Act being the "manner provided by law" in this case.

This court addressed a similar question about a circuit court's authority to examine the validity of an administrative rule in *Hay v. Dept. of Transportation, supra.* In that case, the Oregon Department of Transportation (ODOT) had promulgated a rule allowing public parking on the beach in front of the plaintiffs' Cannon Beach motel. The plaintiffs brought an action in nuisance and trespass, seeking damages. The circuit court granted ODOT's motion for summary judgment, partly on the ground that the plaintiffs' complaint was a collateral attack on the validity of a rule that had to be brought in the Court of Appeals under ORS 183.400(1). The plaintiffs appealed the summary judgment for ODOT. They

---

[9] Defendant and defendant-intervenor Metrofueling, Inc., each separately petitioned for review. This court denied review, 318 Or 97, 863 P2d 1267 (1993), but, on defendant's and defendant-intervenor's petitions for reconsideration, allowed review, 318 Or 325, 867 P2d 1386 (1994).

[10] Both defendants assigned error to other portions of the Court of Appeals' decision. However, because we decide the case on the jurisdictional issue, we need not reach those other assignments.

also filed a separate petition challenging the rule in the Court of Appeals under ORS 183.400(1), challenging the rule. The Court of Appeals consolidated the cases, upheld the validity of the rule, and affirmed the circuit court's decision without opinion. 301 Or at 132-33.

On review of that case, this court concluded that the validity of the rule was the key to determining whether the parking allowed under ODOT's rule was privileged under the common law of nuisance. *Id.* at 135. As to the issue of the circuit court's subject matter jurisdiction, this court noted that, on its face, ORS 183.400(1) is not exclusive. The court concluded that, under the circumstances presented, a circuit court challenge to the validity of the rule was permissible. The bases of that conclusion were that the plaintiffs had alleged trespass and nuisance; "the rule's validity would determine whether the parking was privileged," and

> "ORS 183.400 does not authorize the Court of Appeals to award damages, *Burke v. Children's Services Division*, 288 Or 533, 544-45, 607 P2d 141 (1980), and it limits the Court of Appeals review to the rule itself, the statutes authorizing the rule, and 'copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.' ORS 183.400(3)." *Id.* at 137.

However, this court added the following *caveat*:

> "Our decision does not mean that anyone who dislikes a rule may challenge that rule in circuit court; ORS 183.400(1) authorizes the Court of Appeals to hear such a challenge. Only when a party places a rule's validity at issue in a separate civil action may circuit courts determine a rule's validity." *Id.* at 138.[11]

Plaintiffs argue that their challenge is properly in the circuit court "upon enforcement of such rule," ORS 183.400(2), and that their seeking declaratory and injunctive relief under the Uniform Declaratory Judgment Act, ORS 28.010 *et seq*, is a "separate civil action." Defendants respond that plaintiffs' challenge in the circuit court is improper, because of the mandate from *Hay* that "[o]nly when a party places a rule's validity at issue in a separate

---

[11] The *Hay* court specifically noted that "ORS 183.400(2) does not apply here, because plaintiffs do not challenge an order or the enforcement of a rule." *Hay v. Dept. of Transportation*, 301 Or 129, 137, 719 P2d 860 (1986).

civil action may circuit courts determine a rule's validity." 301 Or at 138. Defendants further argue that there is no "separate civil action" where the sole remedy requested is, or flows directly from, the invalidation of the administrative rules at issue.

In interpreting a statute, this court's task is to discern the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). To do that, the court first examines the text and context of the statute, using the text itself as a starting point and as the best evidence of the legislature's intent. That is the first level of our analysis. *Id.* at 610-11. The court also may consider its prior interpretation of a statute, if any, because "that interpretation becomes a part of the statute as if written into it at the time of its enactment." *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992).

To determine what is meant by the phrase "upon enforcement of such rule" in ORS 183.400(2), we look to the text and context of the statute. The Court of Appeals' review of a rule's validity under ORS 183.400(1) is "limited to the face of the rule and the law pertinent to it." *AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992). Actions also are possible under subsection (1) under the interpretation set forth in *Hay*, when a party places a rule's validity at issue in a separate civil action. *Hay v. Dept. of Transportation, supra*, 301 Or at 137-38.

ORS 183.400(2) necessarily describes an action that differs from an action under ORS 183.400(1). *See Hay v. Dept. of Transportation, supra*, 301 Or at 137 (after determining the nature of the agency action at issue, the next step in APA analysis is determining whether ORS 183.400(1) or (2) governs review of the rule). An action under the "enforcement" provision of ORS 183.400(2) differs from a challenge to a rule under ORS 183.400(1), because an action under ORS 183.400(2) involves the *enforcement* of the rule, rather than a facial challenge to a rule available in the Court of Appeals under ORS 183.400(1). As will be seen from the discussion below, the present action is not one in which the enforcement of the rule could occur.

We turn to the question whether plaintiffs' challenge to the Fire Marshal's rules could have been brought in the Court of Appeals under ORS 183.400(1), or whether it could be brought under the "enforcement" provision of ORS 183.400(2). It is clear from plaintiffs' complaint, as well as from the evidence presented to the circuit court, that the whole focus of plaintiffs' contentions had been on how ORS 480.330 and 480.340 was interpreted by the Fire Marshal in those rules. Central to plaintiffs' complaint was their interpretation of the phrase "at retail" as used in ORS 480.330 and 480.340, which they argued must be interpreted to encompass sales "at retail" by cardlock gas stations. In the context of whether Metrofueling, Inc., should be allowed to intervene in this action, plaintiffs' attorney argued that "[t]he subject matter isn't cardlock, the subject matter isn't self-service as such. *The subject isn't even enforcement. The subject matter is what does 'at retail' mean* [as] it governs the State Fire Marshal * * *." (Emphasis added.)

It is apparent from the circuit court's findings of fact, as well as from that court's conclusions of law, that the essence of plaintiffs' inquiry was whether the Fire Marshal had correctly interpreted the statutory term "at retail" when she promulgated the rules. Everything relevant to a challenge to the Fire Marshal's interpretation of the term "at retail" as used in ORS 480.330 and ORS 480.340 could have been considered by the Court of Appeals in a challenge to the validity of the rules under ORS 183.400(1). *See* ORS 183.400(3) (court may consider rule and statutory provisions authorizing rule).

In *Gilliam County v. Dept. of Environmental Quality*, 316 Or 99, 106, 849 P2d 500 (1993), *rev'd and rem'd sub nom Oregon Waste Systems, Inc. v. Dept. of Env. Quality*, ___ US ___, 114 S Ct 1345, 128 L Ed 2d 13 (1994), this court stated:

> "In a challenge to a regulation under ORS 183.400(4), the court first decides whether the regulation was promulgated according to applicable rulemaking procedures. ORS 183.400(4)(c). We then decide whether the promulgation of the regulation was within the jurisdictional authority of the promulgating agency and whether the substance of the regulation neither departed from the legal standard expressed or implied in the enabling statute, nor contravened any other

applicable statute. ORS 183.400(4)(b). Only after determining that the regulation meets those requirements do we consider the question whether the regulation violates any provision of the Oregon or United States Constitution. ORS 183.400(4)(a). *See Planned Parenthood Assn. v. Dept. of Human Resources*, [297 Or 562, 565, 687 P2d 785 (1984)] (setting forth that three-part analysis)."

Each of plaintiffs' arguments that the Fire Marshal's rules violated various statutory provisions could have been examined under the test described in *Gilliam County v. Dept. of Environmental Quality, supra.*

The only remaining question, therefore, is whether plaintiffs were entitled to bring this action in the circuit court under the Uniform Declaratory Judgment Act, ORS 28.010 *et seq*, because they sought a remedy that would be unavailable had they challenged the rule in the Court of Appeals under ORS 183.400(1). The Court of Appeals held that the circuit court had subject matter jurisdiction, because plaintiffs' "complaint meets *Hay's* requirement of a 'separate civil action' that seeks relief, * * * such as injunctive relief, that is broader in scope than the invalidation of a rule on its face. The [circuit] court did not err in assuming jurisdiction of this proceeding. ORS 183.400(2)." *Alto v. State Fire Marshal, supra*, 121 Or App at 549.

After finding that some cardlock gasoline sales were "at retail," the circuit court ordered:

"Defendant State of Oregon be, and it is hereby, through any and all of its agents, enjoined from exempting any retail dealers, cardlock or otherwise, from the requirement of attended service at retail facilities, and it is hereby enjoined to proceed to enforce that requirement equally upon *all* 'retail' facilities[.]" (Emphasis in original.)

The only purpose of such an injunction would be to prevent the Fire Marshal from enforcing the challenged rules as written. The Fire Marshal argues that injunctive relief is redundant or, at least, unnecessary, if a rule has been invalidated by a court. *See Burke v. Children's Services Division, supra*, 288 Or at 548 (in a case involving a challenge to an administrative rule, decided under prior version of ORS 183.400, this court would "not assume that the defendant

agencies of the State of Oregon will, in the absence of an injunction, refuse to follow the law as we have stated it").

Plaintiffs respond that injunctive as well as declaratory relief is appropriate in cases involving challenges to agency rules, citing *Sterling v. Cupp*, 290 Or 611, 625 P2d 123 (1981). *Sterling v. Cupp*, however, was procedurally and factually different from the present case. *Sterling* began as a *habeas corpus* proceeding by prisoners in the Oregon State Penitentiary, challenging the constitutionality of the practice of allowing female guards to frisk male prisoners and to observe them in showers and toilets. In *Sterling*, this court stated that "[c]ircumstances may make injunctive intervention appropriate, as in this case, but if the responsible agency accepts the principle giving rise to that intervention as part of its own rules and policies the need for a continued injunction eventually terminates." 290 Or at 630. In *Sterling*, this court noted that, "[s]pecifically in the custodial setting, what we have called a 'flexible' remedy by injunction or temporary restraining order is proper to obviate expansive resort to the most urgent of all judicial scrutiny of executive action, the writ of *habeas corpus*." *Ibid.*

We conclude that injunctive relief was not necessary in this case because at the time the complaint was filed, the crucial administrative rules being challenged which defined "non-retail facility" had not yet even gone into effect. Such a situation lacks the "compelling" aspects of *Sterling v. Cupp, supra*. Injunctive relief was not necessary under these circumstances because we assume that the defendant state agency will, in the absence of an injunction, follow the law as a court decides it on review of the validity of a rule under ORS 183.400. *Burke v. Children's Services Division, supra*, 288 Or at 548.

We also conclude that the circuit court lacked subject matter jurisdiction to hear plaintiffs' challenge to the validity of the Fire Marshal's rules under the Uniform Declaratory Judgment Act. That challenge could have been, and should have been, brought in the Court of Appeals under ORS 183.400(1), which is exclusive. *See Hay v. Dept. of Transportation, supra*, 301 Or at 138 (so stating).

The decision of the Court of Appeals is reversed. The case is remanded to the circuit court with instructions to dismiss plaintiffs' complaint.