Argued and submitted July 15, affirmed December 7, 1994

BOISE CASCADE CORPORATION,
*Petitioner,*

*v.*

BOARD OF FORESTRY,
*Respondent.*

(92-DOF-007, 93-DOF-002;
CA A78968 (Control), A79458)

886 P2d 1041

Phillip D. Chadsey argued the cause for petitioner. With him on the brief were Charles F. Adams and Stoel Rives Boley Jones & Grey.

Virginia L. Linder, Solicitor General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and John T. Bagg, Assistant Attorney General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

In *Boise Cascade Corp. v. Board of Forestry (A79626)*, 131 Or App 538, 886 P2d 1033 (1994), we held that the circuit court erred in dismissing Boise Cascade's inverse condemnation action arising out of the Board of Forestry's (board) orders prohibiting or restricting Boise Cascade from logging timber on property that contains or is proximate to a spotted owl nesting site. We concluded that the trial court was incorrect both in holding that it lacked subject matter jurisdiction and that Boise Cascade's complaint failed to state takings claims.

In the present proceeding, Boise Cascade petitions for review of the contested case board orders that, in the circuit court case, it alleged gave rise to the takings. Boise Cascade's first assignment is that the orders should be reversed, on the asserted ground that the agency rule, OAR 629-24-809, pursuant to which the restrictions were imposed, exceeds the board's statutory authority and is therefore invalid. *See* ORS 183.400(1), (2); *Alto v. State Fire Marshal*, 319 Or 382, 876 P2d 774 (1994). Boise Cascade's argument in support of the assignment is without merit, and we reject it without discussion.

■■ In its second assignment, Boise Cascade contends that the circuit court had exclusive jurisdiction over the takings questions and that the board's orders are invalid insofar as they address those questions at all or reach the conclusion that the regulatory decisions in the orders do not occasion a taking. Somewhat anomalously, Boise Cascade also contends under this assignment that a taking has occurred as a matter of law and that we should take some unclearly defined dispositional action in this case on that ground. The board disagrees with Boise Cascade's jurisdictional argument, but it maintains that the takings issues were not adequately considered in its own orders and that a remand to it is the appropriate disposition.

A similar jurisdictional question was addressed at length and resolved in *Boise Cascade Corp. v. Board of Forestry (A79626), supra*. Indeed, one of the reasons for the unusual tenor of the parties' arguments in this case is that their principal objective is to serve as supplemental briefing in

the companion case more than to advocate or even define the parameters of what should be done here. In any event, we held in the companion case that the board does not have exclusive authority to decide the takings questions and that the circuit court retains jurisdiction over those questions and over the inverse condemnation action. However, we did not suggest that it would be reversible error for the board to discuss or even mention the takings issues in its orders here. Whether the board has *any decisional* authority concerning those issues—a question we do not have to decide in this or the companion case—its discussion of the issues is surplusage at worst.[1] Accordingly, the first prong of Boise Cascade's argument here does not supply a basis for reversal.

We also noted in *Boise Cascade Corp. v. Board of Forestry (A79626), supra,* that factual variables that might not be known or knowable at the time of a regulatory action could often have bearing on the ultimate determination of whether a regulatory taking has resulted. This case illustrates the correctness of that observation. Neither the record nor the orders come anywhere close to enabling us to decide, as a matter of law, that there has been a taking, even assuming that this agency review proceeding could serve as an appropriate forum for deciding the question. The second prong of Boise Cascade's argument, therefore, also fails to demonstrate reversible error.

■     The board's suggestion that we remand the takings issues to it is not within the scope of the relief that Boise Cascade seeks under its petitions; Boise Cascade contends that the board lacks jurisdiction over the issues. Assuming without deciding that the board could have sought a remand by cross-petitioning from its own orders, it did not do so. Under ORS 183.482(6), the board could have unilaterally withdrawn and reconsidered the orders at any time before the time set for the hearing in this court. The board also did not

---

[1] The decisive question in *Boise Cascade Corp. v. Board of Forestry (A79626), supra,* was whether the *circuit court* had jurisdiction. In rejecting the state's argument that the board had primary jurisdiction over some or all takings issues, to the exclusion of the court, we did not have to, and did not, address whether the board had some *decisional* authority that fell short of dislodging the court's. In this case, for the reasons offered in the text, it is unnecessary to decide that question, because the parties' arguments do not suffice to make it a "real problem calling for solution."

do that. We conclude that neither party has presented a cognizable and reviewable basis for disturbing the orders.

Affirmed.