Argued and submitted July 1, reversed and remanded September 9, 1987

## PEN-NOR, INC.,
*Appellant,*

*v.*

## OREGON DEPARTMENT OF HIGHER EDUCATION et al,
*Respondents.*

(8604-02428; CA A42057)

742 P2d 643

Charles J. Merten, Portland, argued the cause for

appellant. With him on the briefs were Merten & Fink and Merten & Yugler, Portland.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent Oregon Department of Higher Education. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for Hyland & Sons, Inc.

Before Buttler, Presiding Judge, and Warren and Rossman Judges.

WARREN, J.

## WARREN, J.

Plaintiff simultaneously sought a declaratory judgment under ORS 28.010 and review of an administrative order under ORS 183.484. Defendants Department of Higher Education and State Board of Higher Education (defendants)[1] moved to dismiss both claims for lack of standing.[2] The court granted the motion, and plaintiff appeals.

Plaintiff is a certified minority business enterprise (MBE) and, as such, enjoys a special position in public contracting. ORS 279.059 provides, *inter alia*:

"(1)   Whenever a public contracting agency requires a bidder to subcontract some part of the contract or obtain materials to be used in performing the contract to a business enterprise that is a minority or women business enterprise, the agency shall award the contract, if one is awarded, to the lowest qualified bidder who has met the minority business enterprise or women business enterprise goal established by the public contracting agency or who has made a good faith effort *prior to the time bids are opened* to comply with the subcontracting or material supplied requirement.

"(2)   Performing all of the following actions by a bidder constitute a rebuttable presumption that the bidder has made a good faith effort to satisfy the subcontracting requirement described in subsection (1) of this section[.]

"* * * * *

"(g)   The bidder negotiated in good faith with the enterprises, and did not without justifiable reason reject as unsatisfactory bids prepared by any minority and women business enterprises[.]

"* * * * *

"(3)   If a bidder has not met the minority business enterprise or women business enterprise goal established by the

---

[1] Hyland & Sons, Inc., although named as a defendant, did not participate in either action.

[2] Defendants moved under ORCP 21 on these grounds: (1) lack of standing in both actions; (2) lack of jurisdiction to consider the declaratory judgment proceeding; (3) failure to allege a justiciable controversy in the declaratory judgment proceeding; (4) failure to state ultimate facts sufficient to constitute a claim for relief in the declaratory judgment proceeding; (5) failure to join indispensable parties in the declaratory judgment proceeding; (6) insufficient allegation of the class action; (7) frivolous allegation of damages. The trial court allowed defendants' motion on the first ground, and held the others moot.

public contracting agency, the agency shall evaluate the good faith effort of the bidder consistent with subsection (2) of this section. It shall be a rebuttable presumption that a bidder has made a good faith effort to comply with the requirement for subcontracting or material supply described in subsection (1) of this section if the bidder has acted consistently with the actions described in subsection (2) of this section. It shall be a rebuttable presumption that the bidder did not make a good faith effort if the bidder has not acted consistently with the actions described in subsection (2) of this section." (Emphasis supplied.)

Plaintiff was the only MBE to submit bids to prime contractors that were bidding on a construction project at Portland State University. Defendants awarded the prime contract to Hyland & Sons, Inc. (Hyland) and notified plaintiff that, although Hyland did not select plaintiff as a subcontractor, it had made a "good faith effort" after bid opening to meet the MBE goals under ORS 279.059. Contending that that interpretation of ORS 279.059(1) is erroneous, plaintiff petitioned this court for review of defendants' action both as a rule and as an order in a contested case. We dismissed both petitions for lack of jurisdiction. *Pen-Nor, Inc. v. Oregon Dept. Higher Ed.,* 84 Or App 502, 734 P2d 395 (1987). Plaintiff subsequently filed the complaint in issue here.

In the declaratory judgment action, plaintiff primarily seeks, on behalf of itself and a purported class of similarly situated MBE's, an interpretation of ORS 279.059 that a bidder must make its "good faith [MBE] effort" before a bid opening. Defendant contends that, even if plaintiff has standing, the court lacks subject matter jurisdiction for the declaratory judgment proceeding because the available administrative remedies are exclusive. The circuit court held that jurisdictional basis for defendants' motion "moot." Defendants raise it again on appeal.[3]

■    Plaintiff demands the same remedies in both the declaratory judgment and APA actions: that is, an interpretation of ORS 279.059 and damages. "[A] party may not ignore the judicial review provisions of the APA in favor of a general * * * remedy." *Bay River v. Envir. Quality Comm.,* 26 Or App 717, 720, 554 P2d 620, *rev den* 276 Or 555 (1976). If plaintiff

---

[3] Plaintiff has made no response to the issue.

has a remedy under the APA, it is precluded from obtaining a declaratory judgment. *See Mongelli v. Oregon Life and Health Guaranty,* 85 Or App 518, 737 P2d 633 (1987). On review of a noncontested case order under the APA, a trial court may affirm, reverse or remand the order. Moreover, if the agency has erroneously interpreted a provision of law and if a correct interpretation compels an action, the court can modify the order or remand the case to the agency for further action under a correct interpretation of law. ORS 183.484(4)(a)(A)(B). It may grant other appropriate relief to redress the effects of the agency action. ORS 183.486(1)(b). It follows that plaintiff, as an individual party, has appropriate remedies available under the APA and is precluded from obtaining a declaratory judgment. We need not consider whether it might be entitled to pursue a declaratory judgment proceeding as a member of the class of MBE's, because plaintiff, although it characterizes its complaint as a class action, raises no class action issues on appeal.

■　　We turn to the question of plaintiff's standing to seek APA review. Standing for review of an administrative action requires that a petitioner be adversely affected or aggrieved by the action. ORS 183.480; ORS 183.484(3). Plaintiff argues that it has standing because it was "adversely affected" by defendants' action. Defendants argue that plaintiff cannot have standing merely as an unsuccessful bidder and that its interests, as well as its claimed economic harm, are abstract. Plaintiff is a member of the class for whose benefit the MBE subcontracting scheme was enacted. Accordingly, it has a recognizable and substantial interest in the proper administration of the scheme. Moreover, it has been directly affected by defendants' action, because it was the only qualifying MBE participant, and defendants could not have awarded the prime contract to Hyland unless it accepted plaintiff's bid or satisfied the "good faith effort" obligation. Any other prime contract bidder would have had the same obligation to plaintiff. · Plaintiff's position is not merely that of an unsuccessful bidder. Although plaintiff might not have been awarded the subcontract by any bidder and its economic harm might to that degree be abstract, its interest in the proper interpretation and application of a statute enacted for its benefit is, nevertheless, very real. We hold that plaintiff has standing to

challenge the order determining that Hyland has satisfied that obligation.

Reversed and remanded for further proceedings not inconsistent with this opinion.