Argued and submitted September 28, 1987, dismissed on appeal and cross-appeals and remanded with instructions to vacate judgment September 14, reconsideration denied December 9, 1988, petition for review denied January 18, 1989 (307 Or 326)

FEDERATION OF OREGON
PAROLE AND PROBATION OFFICERS,
*Respondent - Cross-Appellant -
Cross-Respondent,*

*v.*

COUNTY OF MARION et al,
*Respondents - Cross-Respondents -
Cross-Appellants,*

PUBLIC EMPLOYES RETIREMENT SYSTEM et al,
*Appellants - Cross-Respondents -
Cross-Respondents.*

(145,786; CA A40740)

760 P2d 1353

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for appellants - cross-respondents - cross-respondents. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Barbara J. Diamond, Portland, argued the cause for respondent - cross-appellant - cross-respondent. With her on the briefs were Monica A. Smith and Kulongoski, Durham, Drummonds & Colombo, Portland.

Robert C. Cannon, Marion County Legal Counsel, Salem, argued the cause and filed the briefs for respondents - cross-respondents - cross-appellants.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The Federation of Oregon Parole and Probation Officers (FOPPO), brought this declaratory judgment action against the Public Employes' Retirement System and its Board (PERS) and Marion County (County), on behalf of its members, who are adult parole and probation officers employed by County. It contends, first, that those of its members who formerly were state parole and probation officers and who transferred to the employment of County under the Community Corrections Act, ORS 423.500 *et seq,* were entitled to retain, after their transfer, the enhanced "police officer" benefits that they received as employes of the State Corrections Division pursuant to ORS chapter 237, the Public Employes' Retirement Act, and that ORS 423.550(2) prohibits a reduction in their benefits.

FOPPO asserts in its second claim that all of its members, including those who have always been employed by County, are entitled to enhanced benefits under ORS chapter 237, because County has chosen to designate them as police officers. The third claim asserts that the withholding of enhanced benefits offends concepts of equal privileges and immunities and equal protection.

After a trial on stipulated facts, the trial court granted judgment in favor of FOPPO on the first and second claims and ruled that, as of September 29, 1982, PERS must provide enhanced police officer retirement and disability benefits to adult parole and probation officers employed by County. It did not reach the third claim. PERS appeals. County cross-appeals, challenging the trial court's jurisdiction on several grounds. FOPPO cross-appeals that portion of the judgment denying it attorney fees.[1]

FOPPO is a labor organization acting on behalf of 23 of its members who work as parole and probation officers for County. Twelve of the officers were originally hired by County. Eleven were originally employed by the state as Corrections Division parole and probation officers assigned to work in Marion County. On November 13, 1979, County entered into an agreement with the Corrections Division to

---

[1] FOPPO does not contend on cross-appeal that benefits should be retroactive to a date earlier than September 29, 1982.

provide parole and probation services pursuant to the Community Corrections Act. On July 1, 1981, the 11 state officers whose jobs involved services assumed by County under the Community Corrections Act voluntarily transferred to County employment, pursuant to ORS 423.550(2).

Since 1959, Or Laws 1959, ch 333, § 1, PERS has provided enhanced benefits to a class of PERS members within the category of "police officer."[2] Additional benefits for employes who have that status include eligibility to purchase additional units of coverage, ORS 237.071(4), retirement benefits calculated by a more advantageous formula than is used for the general class of employes, ORS 237.147(2)(a)(A), the option to retire at an earlier age, ORS 237.121(2), two options for duty-connected disability benefits, ORS 237.171(1); ORS 237.630, and additional death benefits, ORS 237.640. Additional benefits are paid for by monthly payments from each employe's salary, which are matched by the employer. ORS 237.071(4)(a). Before their transfers, the parole and probation officers had "police officer" PERS status.

After the transfer, FOPPO negotiated a collective bargaining agreement with County on behalf of all of the officers. Article 9, section 6, of the agreement recognized that the employes covered by the agreement have police officer status and the right to continue police officer PERS coverage retroactive to the date of transfer:

> "The Employer recognizes that employes covered by this Agreement have police officers' status and as such shall participate, subject to PERS approval, through payroll withholding, in the Police and Firemen's Retirement Program. The Employer and the Federation shall jointly prepare the necessary written rationale required by PERS to establish the Employe's right to participate in the Police and Firemen's Retirement Program. Employes shall be permitted to pick up the costs of Police and Firemen's retirement units retroactive to July 1, 1981."

County wrote to PERS, requesting the additional coverage.

On June 10, 1982, counsel for PERS wrote County, acknowledging receipt of the request for additional coverage. He stated that the Community Corrections Act permitted the

---

[2] Identical benefits are provided to firefighters. *See* ORS 237.003(9) and (13).

transferred employes to continue to participate in PERS as police officers, but that the historical county employes were not entitled to the additional coverage. On August 4, 1982, counsel for PERS again wrote County, indicating that he had advised PERS that it should cover the historical county employes if County would adopt a resolution declaring them to be police officers. On September 29, 1982, the Marion County Board of Commissioners passed a resolution stating that County parole and probation officers are entitled to enhanced coverage by PERS.

On November 3, 1982, legal counsel for PERS wrote County and stated the opinion that the law did not presently include county parole and probation officers as police officers and that County's resolution did not change the law or permit PERS to provide the enhanced benefits.

We address the jurisdictional question first, because it is dispositive. County contends that the circuit court erred in denying its motions for a directed verdict and for dismissal on the ground that this matter falls within the APA, ORS 183.310 *et seq,* and therefore the court lacked jurisdiction to consider the complaint for declaratory relief. It argues that PERS's counsel's November 3 letter is an order in other than a contested case which must be reviewed by the circuit court pursuant to a petition for review. ORS 183.484.

Although we conclude that the letter is not an order within the meaning of ORS 183.310(5)(a), we agree that the circuit court did not have jurisdiction to entertain this action and that this court lacks jurisdiction to review the circuit court's action. PERS is subject to the APA; therefore, the APA provides the exclusive methods for its actions and for review of those actions. *Bay River v. Envir. Quality Comm.,* 26 Or App 717, 554 P2d 620, *rev den* 276 Or 555 (1976). Whether judicial review lies in the circuit court (as in an order in other than a contested case, ORS 183.484(1)[3]), or in this court (as in

[3] ORS 183.484(1) provides:

"Jurisdiction for judicial review of orders other than contested cases is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which the petitioner resides or has a principal business office. Proceedings for review under this section shall be instituted by filing a petition in the Circuit Court for Marion County or the circuit court for the county in which the petitioner resides or has a principal business office."

a declaratory ruling, ORS 183.410,[4] or as in an order in a contested case, ORS 183.482(1)[5]), neither court may entertain this action for a declaratory judgment.[6]

Dismissed on appeal and on cross-appeals; remanded with instructions to vacate judgment.

---

[4] ORS 183.410 provides:

"On petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court. However, the agency may, where the ruling is adverse to the petitioner, review the ruling and alter it if requested by the petitioner. Binding rulings provided by this section are subject to review in the Court of Appeals in the manner provided in ORS 183.480 for the review of orders in contested cases. The Attorney General shall prescribe by rule the form for such petitions and the procedure for their submission, consideration and disposition. The petitioner shall have the right to submit briefs and present oral argument at any declaratory ruling proceeding held pursuant to this section."

[5] ORS 183.482(1) provides:

"Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 60 days only following the date the order upon which the petition is based is served unless otherwise provided by statute. If a petition for rehearing has been filed, then the petition for review shall be filed within 60 days only following the date the order denying the petition for rehearing is served. If the agency does not otherwise act, a petition for rehearing or reconsideration shall be deemed denied the 60th day following the date the petition was filed, and in such cases, petition for judicial review shall be filed within 60 days only following such date. Date of service shall be the date on which the agency delivered or mailed its order in accordance with ORS 183.470."

[6] The declaratory judgment action is dismissed with respect to County as well, because PERS would be a necessary party to that action and, as we have held, it cannot be. Additionally, County's alleged liability is tied to PERS's nonliability, which, therefore, must be decided first.