# Vern SCOVELL,
*Respondent,*

*v.*

# Neil GOLDSCHMIDT,
Tony Meeker, Barbara Roberts,
The Division of State Lands
and Martha Pagel,
*Appellants.*

(88-2062; CA A61442)

806 P2d 181

Meg Reeves, Assistant Attorney General, Salem, argued the cause for appellants. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Diane Spies, Lake Oswego, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

Respondents[1] appeal from a writ of mandamus compelling the director of the Division of State Lands (DSL) to approve petitioner's application for a fill and removal permit. We reverse.

Petitioner owns property in the Nehalam Bay Estuary in Tillamook County, commonly known as "Botts Marsh," on which he wants to develop a marina. He must obtain a fill and removal permit from DSL to dredge the estuary and to fill a portion of it for development. Tillamook County adopted a comprehensive plan that includes an exception allowing petitioner's marina at Botts Marsh. The plan was acknowledged, and, on judicial review of the acknowledgement, the comprehensive plan exception for the marina was affirmed. *1000 Friends of Oregon v. LCDC (Tillamook Co.)*, 302 Or 526, 731 P2d 1015 (1987).

After the Supreme Court's decision issued on February 7, 1987, petitioner filed an application with DSL for a fill and removal permit. Petitioner and DSL met and negotiated regarding the application for more than a year. On May 31, 1988, petitioner petitioned for an alternative writ of mandamus, seeking to compel DSL to approve his permit application. Three days before the show cause hearing, DSL denied the application. After the hearing, the trial court issued a peremptory writ, which, by its terms, compels DSL to approve petitioner's application for the fill and removal permit.

■ DSL argues that the court erred in issuing the writ, because mandamus is not an available remedy. It contends that the administrative review process is a "plain, speedy and adequate remedy," that it is the exclusive remedy and that a court cannot require by mandamus that an agency take a particular discretionary action. Petitioner argues that the administrative review statutes do not apply in this case, because "a very detailed, site-specific exception has been approved as part of an Acknowledged Comprehensive Plan" and "DSL agency expertise can hardly be at issue."

---

[1] Respondents are the Division of State Lands, its director and the individual members of the State Land Board.

ORS 34.110 provides, as relevant here:

"A writ of mandamus may be issued * * * to compel the performance of an act which the law specially enjoins * * *. The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law."

The Administrative Procedures Act (APA) and the statutes governing DSL provide a process for reviewing agency action. Petitioner could have sought to compel DSL to act under ORS 183.490 and sought review of the agency's denial under ORS 196.825(6)[2] and ORS 183.482. *See Dinsdale v. Young,* 72 Or App 778, 779, 697 P2d 200 (1985).

Although the cases have sometimes treated as a single issue the questions of plain, speedy and adequate remedy at law and exclusivity of administrative remedies, the concepts are not identical. The trial court erred in granting the writ, because judicial review under the APA is exclusive:

"The Oregon Administrative Procedures Act, ORS 183.310 et seq, establishes a comprehensive pattern for the judicial review of administrative decisions. The various APA statutes governing judicial review provide the sole and exclusive methods of obtaining judicial review. *School Dist. No. 48 v. Fair Dis. App. Bd.,* 14 Or App 35, 512 P2d 799 (1973)." *Bay River v. Envir. Quality Comm.,* 26 Or App 717, 720, 554 P2d 620, *rev den* 276 Or 555 (1976).

It did not have jurisidiction to entertain the petition for the writ. *See FOPPO v. County of Marion,* 93 Or App 93, 97, 760 P2d 1353 (1988), *rev den* 307 Or 326 (1989).

■ Petitioner argues that the administrative review statutes, including ORS 183.490, do not apply, because the comprehensive plan includes a site-specific exception for the marina and, therefore, the agency has no discretion and must approve the application. Whether the agency's denial was permissible in the light of the acknowledged comprehensive plan does not affect the exclusivity of the APA review process. As we said in *Mongelli v. Oregon Life and Health Guaranty,* 85 Or App 518, 522, 737 P2d 633 (1987):

"The various APA statutes governing judicial review provide

---

[2] *Former* ORS 541.625 was renumbered in 1987 as ORS 196.825. The statute has not been changed in any way pertinent to this case.

the sole and exclusive methods of obtaining judicial review and, 'a party may not ignore the judicial review provisions of the APA in favor of a general * * * remedy.' *Bay River v. Envir. Quality Comm.,* [*supra,* 26 Or App at 720]. Petitioners are precluded from obtaining mandamus under ORS chapter 34 because they have a remedy under the APA even if they do not prevail in their attempt to obtain it. *Dinsdale v. Young,* [*supra,* 72 Or App at 779]."

Petitioner's arguments about the effect of the comprehensive plan and DSL's failure to participate in development of the plan go to the merits of the decision to deny the application, not to the availability of mandamus as a means of compelling issuance of the permit. The arguments are not pertinent here.

Reversed and remanded with instructions to dismiss.