Submitted on record and briefs May 13, remanded with instructions
December 14, 1994

MICHAEL C. BARTHOLOMEW,
*Appellant,*
*and*

Patricia Bartholomew,
*Plaintiff,*

*v.*

Fred PEARCE,
Director, Oregon Department of Corrections,
Manfred (Fred) Maass, Superintendent,
Oregon State Penitentiary,
and Robert Schiedler, Superintendent,
Oregon Women's Correctional Center,
*Respondents.*

(91C11755; CA A72799)

886 P2d 1060

Michael C. Bartholomew filed the brief *pro se.*

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephanie S. Andrus, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff appeals from a judgment denying his petition for declaratory relief. Plaintiff sought a declaration that the visitation rules established by the Department of Corrections are unconstitutional.[1] We remand with instructions to the trial court to dismiss the case.

On January 15, 1991, plaintiff, an inmate at Oregon State Penitentiary, submitted a visiting application for his wife, who at the time was incarcerated at the Oregon Women's Correctional Center. His wife had previously been convicted for violating ORS 162.185 (supplying contraband) and ORS 475.992 (possession of controlled substance). Plaintiff's request was denied under OAR 291-127-020, which prohibits visitation by individuals convicted of certain drug related crimes. Plaintiff sought administrative review of that decision, and the prison superintendent affirmed the visitation denial.

Plaintiff and his wife then filed this petition for declaratory judgment under ORS 28.010 *et seq*, alleging that the Department of Corrections visitation rules are unconstitutional and that enforcement of OAR 291-127-020 constituted an "*ex post facto* application of a new rule * * *."[2] The trial court considered their claims and entered a judgment in favor of the Department.

Although the parties do not raise the issue, we must first consider whether the trial court had jurisdiction in this declaratory judgment action. *Wimber v. Timpe*, 109 Or App 139, 142 n 1, 818 P2d 954 (1991).

The Oregon Administrative Procedures Act (APA) provides for judicial review of the validity of administrative rules, ORS 183.400,[3] and that remedy is available to individuals in the custody of the Department of Corrections, ORS

---

[1] Plaintiff and his wife originally brought this declaratory judgment action, however, his wife is not a party to this appeal.

[2] On appeal, plaintiff abandons his "*ex post facto*" claim and argues that the Department of Corrections erred in retroactively applying an amended version of the visitation rules.

[3] ORS 183.400 provides, in pertinent part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases.

183.315(5). As we held in *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 720, 554 P2d 620, *rev den* 276 Or 555 (1976):

> "The Oregon Administrative Procedures Act * * * establishes a comprehensive pattern for the judicial review of administrative decisions. The various APA statutes governing judicial review provide the sole and exclusive methods of obtaining judicial review.
>
> "* * * * *
>
> "A party cannot ignore the judicial review provisions of the APA in favor of a general equitable or declaratory remedy." (Citation omitted.)

Because plaintiff is directly challenging the Department's visitation rules, APA review is exclusive and he is precluded from obtaining declaratory relief. *Alto v. State Fire Marshal*, 319 Or 382, 394-95, 876 P2d 774 (1994); *Pen-Nor, Inc. v. Oregon Dept. Higher Ed.*, 87 Or App 305, 308-09, 742 P2d 643 (1987). Accordingly, we conclude that the trial court lacked jurisdiction to consider plaintiff's request for declaratory relief. *FOPPO v. County of Marion*, 93 Or App 93, 97-98, 760 P2d 1353 (1988), *rev den* 307 Or 326 (1989).

Remanded with instructions to dismiss.

---

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law.

"* * * * *

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."