Argued and submitted July 17, reversed and remanded with instructions November 19, 1997, petition for review denied March 4, 1998 (326 Or 507)

# TIDEWATER CONTRACTORS, INC.,
*Respondent,*

*v.*

# STATE OF OREGON,
acting by and through the
# OREGON BUREAU OF LABOR AND INDUSTRIES,
*Appellant.*

(95CV0512; CA A94838)

948 P2d 750

Richard D. Wasserman, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Joseph A. Yazbeck, Jr., argued the cause for respondent. With him on the brief were Tamara H. Lewis and Allen, Yazbeck, O'Halloran & Hanson, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiff, a general contractor, initiated this action for judicial review of a letter from defendant Bureau of Labor and Industries (BOLI) that advised plaintiff that it was required to pay its workers the prevailing wage rate on a contract with defendant Oregon Department of Transportation (ODOT).[1] The trial court entered judgment for plaintiff pursuant to ORCP 67 B on its claim against BOLI. On appeal, BOLI asserts that the trial court lacked subject matter jurisdiction, because the BOLI letter was not a final order that is subject to judicial review. In the alternative, on the merits, BOLI contends that the trial court erred in holding that plaintiff was not required to pay the prevailing wage rate. Because we conclude that the circuit court lacked subject matter jurisdiction over the claim against BOLI, we remand the case with instructions to dismiss the claim and do not reach the merits of the dispute.

The relevant facts are not in dispute. Plaintiff entered into an agreement with ODOT to act as general contractor on a highway construction project. During the course of that project, a disagreement arose concerning plaintiff's obligation to pay the prevailing wage rate[2] to its workers at the Orrin Forrest gravel pit, which plaintiff needs as a source of aggregate for the project. In a letter dated July 18, 1995, Joseph Schlieski, ODOT's project manager, advised plaintiff that the law required that plaintiff pay the prevailing wage rate to its workers at the Orrin Forrest pit and that ODOT would withhold amounts from future progress payments under the contract sufficient to cover estimated wage underpayments. Schlieski wrote that if plaintiff disagreed with ODOT's interpretation of the law, it could ask for clarification from BOLI's Wage and Hour Division.

---

[1] Plaintiff included in his complaint a claim against ODOT for breach of contract on the basis of ODOT's withholding of money from progress payments to plaintiff to cover amounts that ODOT estimated were necessary to pay plaintiff's workers the prevailing wage rate. That claim remains before the circuit court.

[2] ORS 279.350(1) provides, in part:

"The hourly rate of wage to be paid by any contractor or subcontractor to workers upon all public works shall be not less than the prevailing rate of wage for an hour's work in the same trade or occupation in the locality where such labor is performed."

Plaintiff then wrote a letter to Christine Hammond, the administrator of BOLI's Wage and Hour Division, setting forth the circumstances of its disagreement with ODOT and asserting that the prevailing wage rate should not apply to plaintiff's workers. In a letter dated August 3, 1995, BOLI employee Judy Long wrote:

"This will reply to your letter of July 24, 1995 concerning application of Oregon's prevailing wage rate law as it relates to construction contractors who are also commercial suppliers.

"You are correct in stating there is no language in the Oregon Administrative Rules that would limit the types of operations carried on by a construction contractor. In making a determination of whether prevailing wage rates must be paid to workers, the Bureau considers the type of work being performed, who is performing the work and where it is being performed.

"In the particular project in question, the Austin Junction project being performed for the Oregon Department of Transportation, the workers performing work at the Orrin Forrest pit are subject to the payment of prevailing wage because Tidewater is acting as the 'construction contractor.' Even if Tidewater was not the construction contractor on this project and was acting as a commercial supplier, the PWR law would apply because there were no annual sales made in the previous calendar year from the pit. The provisions of OAR 839-16-035(5), therefore, would not be applicable. The interpretation you have been provided by ODOT and this office previously are correct.

"* * * * *

"If you continue to disagree with the positions of ODOT and the Bureau in this matter, you may wish to consult with an attorney."

Plaintiff consulted with its legal counsel, who, by letter to BOLI dated August 22, 1995, advised BOLI that it would not comply with any directive to pay the prevailing wage rate to its Orrin Forrest pit workers and requested that BOLI "either consider this matter closed, or issue a final order so that [plaintiff] can institute litigation." The letter said, further:

"[Plaintiff] is concerned that the State will later take the position that your letter dated 3 August 1995 is a final order of BOLI which [plaintiff] was required to contest within 60 days. We will file an action treating your letter as a final decision if we do not receive a letter from you within 10 days stating that your August 3 letter is not a final decision."

On August 25, 1995, Long sent a letter to plaintiff saying:

"This letter is to advise you that this matter has been referred to the Department of Justice for further action."

On September, 8, 1995, plaintiff filed a complaint requesting judicial review of the August 3 letter from Long, which plaintiff characterized as a "final order" in other than a contested case. ORS 183.484. Both plaintiff and BOLI moved for summary judgment on the merits of plaintiff's prevailing wage rate claim. The trial court granted plaintiff's motion and denied BOLI's.

■■ On appeal, BOLI argues that the trial court lacked subject matter jurisdiction, because the August 3 letter was not a final order. BOLI acknowledges that it did not raise the issue below, but it asserts that nevertheless it is proper to do so for the first time on appeal. Plaintiff does not contest the appropriateness of raising the jurisdictional issue; its sole contention is that the court, in fact, did have jurisdiction. Plaintiff originally argued that its letter to BOLI should be treated as a request for declaratory ruling pursuant to ORS 183.410, but it conceded at oral argument that this is not such a proceeding, which would have required original review of BOLI's letter in the Court of Appeals rather than the circuit court. ORS 183.410 provides:

"On petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court. However, the agency may, where the ruling is adverse to the petitioner, review the ruling and alter it if requested by the petitioner. *Binding rulings provided by this section are subject to review in the Court of Appeals in the manner provided in ORS 183.480 for the review of orders in contested cases.* The Attorney General shall prescribe by rule the

form for such petitions and the procedure for their submission, consideration and disposition. The petitioner shall have the right to submit briefs and present oral argument at any declaratory ruling proceeding held pursuant to this section."

(Emphasis supplied.) In any event, BOLI is correct in its assertion that the issue properly may be considered for the first time on appeal. *See, e.g., Teel Irrigation Dist. v. Water Resources Dept.*, 323 Or 663, 674, 919 P2d 1172 (1996) (the question whether a letter issued by the watermaster was a "final order" determined whether the circuit court had jurisdiction); *State v. Webb*, 324 Or 380, 382, 927 P2d 79 (1996) ("lack of subject matter jurisdiction properly may be raised for the first time on appeal").

An "order" is defined under the Administrative Procedures Act (APA) as

"any agency action expressed orally or in writing directed to a named person or named persons, other than employees, officers or members of an agency. 'Order' includes any agency determination or decision issued in connection with a contested case proceeding."

ORS 183.310(5)(a). With certain exceptions not applicable here, ORS 183.480(3) provides that only *final* orders are subject to judicial review:

"No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 * * *."

ORS 183.310(5)(b) defines "final order" as a

"final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:

"(A)   Precedes final agency action; or

"(B)   Does not preclude further agency consideration of the subject matter of the statement or declaration."

Assuming that Long's August 3, 1995, letter was an order, it was not a "final order," as the term is defined in ORS 183.310(5)(a). It made no final determination with regard to

plaintiff's duty to pay the prevailing wage rate and did not preclude further action by the commissioner to enforce the prevailing wage rate law, if necessary.

Our view of the effect of the letter is borne out by the statutory scheme governing BOLI. The prevailing wage rate law is part of a comprehensive scheme providing a variety of civil and administrative enforcement tools. The commissioner of BOLI has a wide assortment of proceedings available in circuit court and at the administrative level.[3] At the time of the letter, no such matters were pending involving plaintiff; nor were such actions precluded by the letter.

We conclude that the letter was not a final order under ORS 183.310(5)(b) and, for that reason, that it was not subject to judicial review. ORS 183.480(3). Accordingly, the trial court lacked jurisdiction to review plaintiff's claim with regard to BOLI's letter.

■    Plaintiff contends that, by "its misleading silence" in failing to confirm whether its position was a final order, BOLI should be estopped to deny that the August 3 letter was a final order. We disagree. As the Supreme Court held in *1000 Friends of Oregon v. LCDC (Clatsop Co.)*, 301 Or 622, 632, 724 P2d 805 (1986):

"Whatever merit an estoppel argument against an administrative agency may have in other contexts, it cannot serve to confer jurisdiction on a court where jurisdiction does not otherwise exist."

---

[3] Pursuant to ORS 279.355(4), the commissioner may "initiate legal proceedings against employers to enjoin future failures to pay required prevailing wages." ORS 279.365(1) further authorizes the commissioner to bring a civil action

"to require a public agency under a public contract with a contractor to withhold twice the wages in dispute if it is shown that the contractor or subcontractor on the contract has intentionally failed or refused to pay the prevailing rate of wage to workers employed on that contract and to require the contractor to pay the prevailing rate of wage and any deficiencies that can be shown to exist because of improper wage payments already made. In addition to other relief, the court may also enjoin any such contractor or subcontractor from committing future violations."

The commissioner also has available the contested case proceeding provided by ORS 279.361(1), ORS 279.370 or ORS 652.332.

The letter of August 3, 1995, did not provide a basis for the court to exercise its jurisdiction. BOLI's conduct after the letter cannot retroactively confer a basis for the exercise of jurisdiction that did not exist in the first place.

■      Plaintiff also argues that this proceeding should be treated as one for declaratory judgment under ORS 28.010 *et seq*. In the light of plaintiff's remedies under the APA, however, it is precluded from obtaining a declaratory judgment under ORS 28.010. *Pen-Nor, Inc. v. Oregon Dept. Higher Ed.*, 87 Or App 305, 308, 742 P2d 643 (1987).

Because we conclude that the trial court lacked jurisdiction to review the August 3, 1995, letter, we express no opinion on the merits of plaintiff's claim concerning the applicability of the prevailing wage rate law.

Reversed and remanded with instructions to dismiss the claim against BOLI.