Submitted on record and briefs July 27, 1999, affirmed June 28, 2000

Susan LUCAS
and Robert Lucas,
*Appellants,*

*v.*

STATE OF OREGON,
by and through
the Department of Transportation,
*Respondent.*

(94-2146; CA A103340)

4 P3d 745

Robert A. Lucas and Lucas and Associates filed the briefs for appellants.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Mary H. Williams, Assistant Solicitor General, waived argument for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiffs own property in Rainier, lots 7 and 8,[1] that fronts on B Street, which is also U.S. Highway 30. They seek a declaration that they have rights of access from that property to B Street and that defendant Oregon Department of Transportation (ODOT) could not place a sidewalk in front of the property without giving notice, conducting a hearing, and making findings. The trial court granted defendant's motion for summary judgment on the ground that plaintiffs failed to pursue their administrative remedies and the court, therefore, was without jurisdiction over the case. We affirm.

We state the facts most favorably to plaintiffs. Beginning many years before 1957, the property was used for various commercial purposes that involved access from B Street. Plaintiff became the owner of the property sometime before 1992. In 1992, plaintiff used the property, in part, for access to a mini-storage facility that he operated on other portions of the city block. In addition, part of lot 8 was a self-help car sales lot, where people who wished to sell their automobiles could park them in view of the traffic on B Street.

On July 28, 1992, defendant wrote plaintiff stating that its records indicated that he might be planning a potential business or change in use on the property. It notified plaintiff that, if he planned to change the use of an approach road, OAR 734-50-065 (now numbered OAR 734-050-0065) required him to obtain a permit, even if he otherwise had grandfathered rights under ORS 374.330.[2] Defendant told plaintiff to apply for a permit for any change in use by submitting a formal request along with supporting material and stated that, on receipt of the application, it would begin researching the property and would send a formal response. The record does not describe plaintiff's response to this letter.

---

[1] Plaintiff Robert Lucas originally owned both lots but conveyed lot 8 to plaintiff Susan Lucas shortly before plaintiffs filed this action. The record does not indicate that she had any previous involvement in the events in issue. Our references to "plaintiff" in the singular are to Robert Lucas.

[2] We discuss plaintiff's potential rights under ORS 374.330 below.

The next year, plaintiff began to landscape part of the front of the property, but, as he described it in an affidavit, he

"was foiled by ODOT and their [*sic*] unreasonable position. Initially, they told me that I needed to have a permit so I asked them to send me one. It was thick and much too complicated for what I intended to do so I did not send it back. Instead, I asked them [*sic*] to point out to me where the right of way ended and I would build the landscaping planters on my property. They [*sic*] refused to do this and told me to build at my risk. I then obtained permission from the City of Rainier in about October of 1993 to place a sign within a landscaping planter at the intersection of 'B' Street and 4th Street West. Part of the landscaping planter was approved to be in the unimproved portion of 4th Street."

On August 30, 1993, defendant wrote plaintiff, "in reference to our previous conversation," asking him either to obtain a permit to continue work on the highway right of way or to remove the concrete forms that he had placed on it. Defendant stated that, if plaintiff failed to do so, the state would remove them and bill him for the cost of the work. Defendant wrote again on September 29, 1993, stating that plaintiff had done neither of the things described in the previous letter, but, rather, "we have observed that concrete has been poured and the structures are now in place." It gave plaintiff 30 days to remove the structures and stated that, if he did not do so, the state, under the authority of ORS 374.307, would remove them and bill plaintiff for the cost.[3]

A year later, on September 28, 1994, defendant again wrote plaintiff, stating that the "form work, concrete structures, and other road approach facilities" were illegal because plaintiff had not obtained a permit before constructing them. Defendant noted that it had given plaintiff the opportunity to remove the facilities or to apply for a permit to make them legal but he had failed to do either. Defendant then stated that it would remove the structures when it installed a sidewalk in the area and would bill plaintiff for

---

[3] According to plaintiff, he removed the original forms and instead built a small landscaping island that contained a brick planter and sign.

the cost of doing so. On October 3, an ODOT crew began constructing a curb and sidewalk along the boundary between the property and B Street, in the process destroying the planter and sign and eliminating the access from B Street to the property. On October 4, plaintiff met with an ODOT supervisor at the site and apparently provided material that defendant treated as an application for a permit.[4] It denied the application by another letter on October 11, enclosing information on seeking administrative review of that decision.

At some point during this period, plaintiff transferred lot 8 to Susan Lucas. Both plaintiffs filed this action on October 14, 1994. In late October, the court granted their motion for a preliminary injunction, ordering defendant to provide access across the new sidewalk to the property and plaintiffs to post a $3,000 bond. On September 12, 1997, defendant filed a motion for summary judgment. The court granted it in June 1998 and entered judgment for defendant on July 30, 1998.

■     The decisive issue on appeal is whether a declaratory judgment is a proper proceeding to resolve the issues that plaintiffs raise. Plaintiffs seek declarations about whether they have grandfathered rights to access to B Street under ORS 374.330 and ORS 374.305; whether defendant had to give plaintiffs notice, conduct a hearing, and issue findings before building the sidewalk; and whether plaintiffs have reasonable rights to ingress and egress under ORS 366.460. If plaintiffs can obtain a decision on those questions through the administrative process, subject to judicial review under the Administrative Procedures Act, that is their exclusive remedy; they would be precluded from seeking a declaratory judgment. *See Pen-Nor, Inc. v. Oregon Dept. Higher Ed.*, 87 Or App 305, 308-09, 742 P2d 643 (1987); *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 720, 554 P2d 620, *rev den* 276 Or 555 (1976). Because the statutes at issue are part of defendant's authority to control access to state highways, and because defendant's decisions under them are subject to judicial review, the administrative process is exclusive.

---

[1] Defendant denies that he applied for a permit and insists that, because he has grandfathered rights of access, he did not need to do so.

ORS 374.305(1) provides the basic rule for the use of state highway rights of way. Under that statute, no one may

> "place, build or construct on the right of way of any state highway * * * any approach road, structure, pipeline, ditch, cable or wire, or any other facility, thing or appurtenance, or substantially alter any such facility, thing or appurtenance or change the manner of using any such approach road"

without first obtaining a permit from defendant. If a person builds something in the right of way without obtaining a permit, ORS 374.307(1) permits defendant to remove it, and to recover the cost of removal from the person who built it, after first giving that person 30 days' notice.[5] ORS 374.310 authorizes defendant to adopt implementing rules. ORS 374.330(1) and (2) provide that the 1957 and 1967 amendments to the statutes do not affect any approach road or other thing that was lawfully placed or constructed on the right of way before the effective dates of those amendments.

■ The statutes, thus, directly tie the use of state highway rights of way to defendant's authority to issue permits. Every issue that plaintiffs raise in this case is something that defendant could consider in ruling on an application for a permit, a ruling that is subject to judicial review under the APA. ORS 183.480; ORS 183.482; ORS 183.484. Despite plaintiffs' protestations, this statement includes their assertion that they have grandfathered rights of access under ORS 374.330. A claim that that statute protects plaintiffs' actions necessarily involves at least two issues: first, precisely what rights the statute protects and, second, whether plaintiffs' proposed actions are consistent with those rights or involve a change in the existing use. Plaintiffs could raise each of those issues by asserting in an application for a permit that the statute gives them the right to do what they propose, by seeking a determination that no permit is necessary, or by seeking judicial review of an order requiring them to apply for a permit.[6] *See*

---

[5] Defendant may act more rapidly if the thing creates a risk of physical injury. ORS 374.307(2).

[6] Plaintiffs could also seek a declaratory ruling under ORS 183.410. However, because defendant has discretion whether to issue such a ruling, seeking a ruling would not guarantee that plaintiffs would get one.

*Norden v. Water Resources Dept.*, 329 Or 641, 996 P2d 958 (2000). In the same way, plaintiffs may raise issues concerning the procedure for constructing the sidewalk by seeking judicial review of the order providing for construction.

The legislature committed the control of state highway rights of way to defendant, in the process giving it the authority to make the determinations that are necessary to the exercise of that control. By seeking a declaratory judgment rather than using the available administrative procedures, plaintiffs attempted to short-circuit that determination. That is something that they may not do.

Affirmed.