Argued and submitted September 8, reversed and remanded November 15, 2006,
petition for review denied March 28, 2007 (342 Or 523)

Lynda L. COATS-SELLERS,
Roberta Bowles and Annette Chunn,
co-personal representatives of the
Estate of R.L. Coats,
*Respondents,*

*v.*

STATE OF OREGON,
by and through its
DEPARTMENT OF TRANSPORTATION
and by and through its
Bureau of Labor and Industries,
*Appellant.*

97CV0285MS; A127299

147 P3d 946

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Gerald A. Martin argued the cause for respondents. With him on the brief was Francis & Martin.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

* Schuman, J., *vice* Ceniceros, S. J.

**LANDAU, P. J.**

At issue in this case is whether plaintiff, a road construction contractor, is obligated to pay certain of its workers prevailing wages. The case is before us for the third time, and the procedural journey by which it arrives is a convoluted one. But, at bottom, the issue turns on whether the Bureau of Labor and Industries (BOLI) permissibly interpreted its own prevailing wage rule in reaching the conclusion that plaintiff is obligated to pay the workers prevailing wages. The trial court concluded that BOLI erred and granted summary judgment for plaintiff. We disagree with the trial court and reverse and remand.

The relevant facts are not in dispute. In March 1997, plaintiff contracted with the Oregon Department of Transportation (ODOT) to pave a portion of Highway 20 in Deschutes County.[1] The contract incorporated administrative rules promulgated by BOLI pertaining to the payment of prevailing wage rates. Those rules were promulgated to implement *former* ORS 279.350(1) (1995), which provided, in part, that "[t]he hourly rate of wage to be paid by any contractor or subcontractor to workers upon all public works shall be not less than the prevailing rate of wage for an hour's work in the same trade or occupation in the locality where such labor is performed."[2] The rules themselves defined the "site of work" and provided, in part:

"(b)  Except as provided in paragraph (c) of this section * * * borrow pits * * * and similar facilities, are part of the site of work provided they are dedicated exclusively, or nearly so, to the performance of the contract or project, and are so located in proximity to the actual construction location that it would be reasonable to include them. Such facilities which are established by a supplier of materials for the

---

[1] During the pendency of this action, the contractor died and the copersonal representatives of his estate were substituted as plaintiffs. For ease of description and for consistency with earlier proceedings in the case, we refer to the contractor as plaintiff.

[2] *Former* ORS 279.350(1) (1995) was repealed in 2003 and reenacted as ORS 279C.840(1). Or Laws 2003, ch 794, §§ 167, 332. The quoted portion remains substantively identical.

project after the opening of bids shall be deemed to be dedicated exclusively to the performance of the contract or project.

"(c)    * * * [B]orrow pits * * * and similar facilities of a commercial supplier or materialman which are established by a supplier of materials for the project before opening of bids and not on the project site, are not included in the site of work. Such permanent, previously established facilities are not part of the site of the work, even where the operations for a period of time may be dedicated exclusively, or nearly so, to the performance of a contract or project."

*Former* OAR 839-016-0004(19) (Sept 1, 1996).[3]

In May 1997, BOLI notified plaintiff that he was in violation of the prevailing wage rules insofar as he was not paying prevailing wages to employees working at a rock quarry or "borrow pit" located approximately 8 to 10 miles from the road construction site. Eventually, ODOT withheld a progress payment on the contract on that same basis. Plaintiff then initiated this breach of contract action against ODOT and BOLI. ODOT counterclaimed, alleging that plaintiff had breached the contract by failing to pay the prevailing wage to the relevant employees. The trial court granted summary judgment to plaintiff on the ground that, under OAR 839-016-0004(19)(c), the borrow pit was not a "site of work."

ODOT and BOLI appealed. In *Coats v. ODOT*, 170 Or App 32, 11 P3d 258 (2000), *vac'd and rem'd*, 334 Or 587, 54 P3d 610 (2002), we held that the relevant BOLI rule was inconsistent with its authorizing statute, *former* ORS 279.350(1); that, under a correct interpretation of the rule, plaintiff was not required to pay prevailing wages to the borrow pit employees; and that, accordingly, the trial court had not erred in granting summary judgment to plaintiff.

ODOT and BOLI obtained review in the Supreme Court. The court vacated our decision and remanded the case for further proceedings, concluding that the validity of BOLI's rules was not properly at issue. *Coats v. ODOT*, 334 Or 587, 594-97, 54 P3d 610 (2002). The court explained that,

---

[3] All references to the rule are to the version in effect at the time the parties entered into the relevant contract.

instead, plaintiff had agreed to the rules as terms of his contract with ODOT and that, accordingly, the "only relevant question" was how BOLI's rules applied as contract terms. *Id.* at 597.

On remand, we again considered whether plaintiff was required to pay prevailing wages by reason of the borrow pit constituting a "site of work" for the purpose of OAR 839-016-0004(19). We first considered whether the borrow pit was subject to the exception from the definition of "site of work" established in OAR 839-016-0004(19)(c), providing, in part, that borrow pits are not included in the site of work if they are established before the opening of bids for a project. We concluded that BOLI's interpretation of paragraph (19)(c) of the rule as incorporated into the contract was plausible and therefore entitled to deference under *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 881 P2d 119 (1994). *Coats v. ODOT*, 188 Or App 147, 150-53, 71 P3d 172 (2003), *rev den*, 336 Or 509 (2004). We further concluded that, under that interpretation, the borrow pit was not established before the opening of bids on the project, that it therefore was not subject to the exception in OAR 839-016-0004(19)(c) for "sites of work," and that the trial court had erred in granting summary judgment to plaintiff based on a contrary conclusion. *Id.*

However, plaintiff's summary judgment motion had also relied on the portion of OAR 839-016-0004(19)(b) that provided that, to be considered a part of the work site, a borrow pit must be "dedicated exclusively, or nearly so, to the performance of the contract or project" and must be "so located in proximity to the actual construction location that it would be reasonable to include them." Because the trial court had not reached the question whether the borrow pit met those affirmative criteria for work sites established in that portion of the rule, we reversed and remanded for it to do so in the first instance. *Id.* at 153.

On remand, plaintiff again moved for summary judgment, and ODOT and BOLI moved for partial summary judgment. Plaintiff, arguing that the borrow pit was not in sufficient proximity to the work site for the purpose of OAR

839-016-0004(19)(b), relied in part on materials demonstrating that, although the distance from the pit to the nearest point on the project was eight miles, the distances from the borrow pit to the west and east ends of the highway construction project were, respectively, 11.8 and 16.4 miles.

In response, ODOT and BOLI relied in part on their original submissions in the case, including the affidavits of the operations manager of the borrow pit and of an ODOT labor compliance officer and a BOLI compliance specialist. In particular, the BOLI compliance specialist, Grabe, had averred that, to determine the proximity of a borrow pit to a work site, OAR 839-016-0004(19)(b) requires a case-by-case examination of the facts, including the distance between the pit and the site, when the pit was established, the location or proximity of other potential sources of aggregate, and the timing of permits. Grabe also had averred that, based on the facts presented in this case, the rule required plaintiff to pay prevailing wages. ODOT and BOLI argued that, in light of the fact that the prevailing wage statute is a remedial statute, the rule properly should be given a broad application and that, consistently with that principle and with the text and context of the rule, BOLI interprets it to require a case-by-case analysis of the function of a borrow pit and other factors—including, as relevant here, the fact that the pit supplied all the aggregate for the project—and not merely the pit's distance from the work site—here, eight miles.

The trial court granted plaintiff's motion for summary judgment and denied ODOT and BOLI's motion. ODOT and BOLI now appeal, assigning error to those rulings.

■　In this court, again relying on *Don't Waste Oregon Com.*, ODOT and BOLI argue that they are entitled to judgment as a matter of law because BOLI's construction of OAR 839-016-0004(19)(b), as incorporated into its contract with plaintiff, is plausible and is not inconsistent with the text and context of the rule, including the prevailing wage statutes. Specifically, they argue that the determination that plaintiff was required to pay prevailing wages was reasonable and proper in light of the location of the borrow pit in relation to the construction project and other relevant facts, including the facts that the pit was the best site from which to obtain

rock for the project, that it was directly connected to the project by the unimproved road, and that there was no evidence of any other rock source that was closer to the project.

Plaintiff responds that BOLI's interpretation of its rule is not plausible. According to plaintiff, the phrases "workers *upon* public works," ORS 279.350(1) (emphasis added), and "site of work" and "adjacent or nearby," OAR 839-016-0004(19), indicate that, properly interpreted, neither the statute nor the rule establishes a "functional" test for proximity of a borrow pit to a work site.

■    As the parties' arguments recognize, the resolution of this breach of contract action turns on the proper interpretation of an administrative rule promulgated by BOLI and incorporated into the relevant contract provision. When an administrative agency interprets its own administrative rules, we defer to the agency's interpretation if it is plausible and is not inconsistent with the wording of the rule, its context, or any other source of law. *Don't Waste Oregon Com.*, 320 Or at 142.

By its terms, OAR 839-016-0004(19)(b) refers to "*proximity* to the actual construction location." (Emphasis added.) Things that are in proximity to each other may either immediately adjoin each other, or simply be nearby or "not far distant." *See Webster's Third New Int'l Dictionary* 1510, 1828 (unabridged ed 2002) (defining "proximity" as "the quality or state of being proximate, next, or very near * * * immediate or close propinquity"; defining "proximate" as "very near : immediately adjoining : close"; and defining "near" in part as "not far distant in * * * place").

Thus, the text of the rule does not require that a borrow pit be adjacent to, or within any particular distance of, a construction project. Equally significantly, OAR 839-016-0004(19)(b) qualifies the criterion of "proximity to the actual construction location" by adding a reasonableness standard; that feature also indicates that mere geographical distance alone does not dictate whether a borrow pit meets that criterion. For those reasons, BOLI's interpretation of its rule is at least plausible.

It may be true that plaintiff's interpretation also is plausible. Under *Don't Waste Oregon Com.*, however, that is immaterial. *Purdue Pharma, L.P. v. Dept. of Human Services*, 199 Or App 199, 209, 110 P3d 657, *rev den*, 339 Or 156 (2005). We therefore defer to BOLI's interpretation.

It follows that BOLI properly concluded that the borrow pit was part of the "site of work" for the purpose of the parties' contract incorporating the rule. The trial court therefore erred in granting plaintiff's motion for summary judgment and in denying ODOT and BOLI's motion.

Reversed and remanded.